# Kalin *v.* Wehrle, Appellant.

*Appeals—Assignments of error—Evidence.*

An assignment of error to the admission of evidence will not be considered where the assignment does not quote the question or offer, the ruling of the court, the testimony admitted, or contain a reference to the page of the paper-book where the matter may be found in its regular order in the printed evidence.

*Appeals—Assignments of error—Remarks of counsel—Record.*

An assignment of error relating to alleged improper remarks of counsel will not be considered where the remarks have not been brought upon the record in any way, and it does not appear that the attention of the court was called to them, or that any ruling was made in relation to them.

*Practice, C. P.—Jury—Witness as juryman—Continuance—Discretion of court.*

It is a matter within the discretion of the trial court whether a case shall be continued, because one of the witnesses was in attendance upon the court as a juryman in the same panel from which the jury trying the case was selected.

*Practice, C. P.—Trial—Request for instructions.*

If a party desires specific directions as to any particular phase of the case being tried, he should embody his desire in a request for such instructions. If he does not do so he cannot allege as error omissions of the court to call the jury's attention to matters which he might have embodied in points for charge.

*Statute of limitations—Fraud—Discovery of fraud.*

Where a claim for money is based upon the alleged fact that the money was fraudulently taken from the possession of its owner, the statute of limitations does not begin to run against the claim until the time of the discovery of the fraud.

Argued April 16, 1908.  Appeal, No. 145, April T., 1908, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1903, No. 89, on verdict for plaintiff in case of Theresia W. Kalin v. Andrew Wehrle.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for money alleged to have been stolen.   Before
BROWN, P. J.

The court charged in part as follows:

This is an action brought by Mrs. Kalin against her brother,
Mr. Wehrle, to recover $672.50, with interest from about
January 25, 1891.   She alleges that that sum of money was in
her possession in the home where they both lived, and on
Sunday, while at church, it was taken by the defendant.

He admits that he took the money, but he alleges that it
was partnership money.   She insists that it was her own
money.   He alleges that there was no concealment about the
taking of it; that the next day he told his sister about it.   That
is his story.   He further sets up two lines of defense to the re-
covery of this money.   First, that he has paid the amount to
his sister; that it was partnership money, and in a partnership
settlement made some time in July, 1891, that this money
which is claimed by the sister to have been taken from her
bureau was actually included in a settlement.   He also alleges
that the plaintiff cannot recover because her claim is barred
by the statute of limitations.

First, as to the statute of limitations.   We have a law in
Pennsylvania that where one claims another is indebted to
him he must bring his action within six years from the time
it became due, and if he failed to do that it is a bar to recov-
ery—not upon the ground that it is paid, but upon the ground
of a legal payment.

The policy of the law with regard to the statute of limita-
tions is based upon the idea that important witnesses may die
or important papers may be lost.   If you want to collect a debt,
you must bring your action within six years.   If you do not,
then you run the risk of having the defendant set up the fact
that it is more than six years old, and that, therefore, there can
be no recovery.   That is the law in Pennsylvania, and that is
the law that governs business under certain conditions.

The law, however, is fair, and as against that the law says
if the failure to bring the action within six years from the time
the money was taken was the result of some fraud perpetrated

by the defendant, some act of his, an act of concealment, some criminal act, covering it up from her and putting it in such shape that she could not determine whether he was the right party, and she did not learn with certainty that he was the right party until twelve years after, then the six years is not a bar. The six years would not be a bar here if she did not actually get knowledge that he was the party until twelve years afterwards, because that brought it down to about 1903. This action was brought in 1903, so that it then would have been brought in time. If she knew within six years from the time she lost it that that money was taken by her brother, if the testimony satisfies you that she knew that, but failed to bring the action, that is a bar to her claim here. If she did not know it, by reason of concealment on his part, not only concealing it himself, but getting others to conceal it for him—if this whole line of conduct was concealment—then she would have six years from the time of discovery within which to bring suit. If that is the situation, then she brought this suit in time.

Verdict and judgment for plaintiff for $1,344.50. Defendant appealed.

*Errors assigned* were in the following form:

First Assignment of Error: The court erred in permitting appellee to testify to matters contained in a memorandum which was not made by the appellee, or at her direction.

Second Assignment of Error: The court erred in permitting counsel for the plaintiff, in the course of his address to the jury, to make the following remarks, which the court did not correct:

(*a*) "The defendant denied in his affidavit of defense filed that he took the money, and afterwards admitted that he took it."

(*b*) Also, "That the affidavit of defense was not a denial of the statement of claim, and that there was only a technical denial," when in fact the original affidavit of defense as filed was a complete denial and defense to the statement, which statement erroneously set forth the date as being January 25, 1901, instead of January 25, 1891, which mistake on the part

of the plaintiff was subsequently corrected, and which change compelled defendant to file an amended affidavit of defense, which should not have been commented upon before the jury.

(c) Also in commenting to the jury upon the alleged statements of the mother of both plaintiff and defendant, who was not a witness at the trial (whose testimony was therefore hearsay), and also the statement which implied that plaintiff was not of good character or honest, by using the following language: "That the poor old mother, who was dead, did not want the defendant sued, which would have made him out a thief, and that is the reason that this suit was never brought before, and many people come into court looking very innocent, and yet they are thieves at heart."

(d) The improper and irrelevant remarks of counsel for the plaintiff unduly prejudiced the minds of the jury.

Third Assignment of Error: The court erred in refusing appellant's motion for a continuance of the case for the reason that the material witness for appellee, Fred Schwitter, who is a brother-in-law of the appellee, was also a juryman in the same panel, which motion and the refusal of the same is as follows:

"And now, to wit: September 16, 1907, on motion of Hern and Leahy, attorneys for defendant, the above case is postponed until the present jury panel is finished, on account of Fridolin Schwitter being a juryman, No. 50, on said panel, and is also a witness for the plaintiff in this case. That on account of the same, there may be some question as to the fairness of the trial. Refused.

Fourth Assignment of Error: The court erred in failing to call the jury's attention to the many inconsistent and contradictory statements of the appellee concerning her knowledge of the time at which the money was taken.

Fifth Assignment of Error: The court erred in permitting a recovery on a sum in excess of $200 and interest, as appellee testified this was the only money she had of her own and the rest of the money was partnership funds.

*J. D. Hern*, with him *W. H. Leahy*, for appellant.

*Thomas M. Marshall, Jr.,* for appellee.

OPINION BY BEAVER, J., May 14, 1908:

The appeal here is from a judgment entered upon a verdict rendered by a jury against the defendant in an action of assumpsit to recover money alleged to have been stolen by the appellant from the appellee more than twelve years before the date of suit.

There are five alleged assignments of error, none of which can be sustained. The first is thus stated: "The court erred in permitting appellee to testify to matters contained in a memorandum which was not made by the appellee, or at her direction." This assignment is in violation of Rule XVI: "When the error assigned is to the admission or rejection of evidence, the specification must quote the questions or offers, the ruling of the court thereon, and the testimony or evidence admitted, if any, together with a reference to the page of the paper-book where the matter may be found in its regular order in the printed evidence or notes of trial." Not one of the requirements of this rule has been complied with and, upon an examination of the printed testimony, we find that no exception to the ruling of the court was taken. This assignment, therefore, is disregarded.

The second assignment relates to remarks alleged to have been made by the counsel for the plaintiff in his address to the jury. These remarks have not been brought upon the record in any way, nor does it appear that the attention of the court was called to them, or that any ruling was made in relation thereto. None of the requirements of Holden v. Penna. Railroad Co., 169 Pa. 1, and subsequent cases, were complied with. There is nothing, therefore, before us for consideration.

In the third assignment, it is alleged that one of the plaintiff's witnesses was in attendance upon the court as a juryman in the same panel from which the jury trying the case was selected. A motion was made by the defendant to continue the case for that reason, alleging "that, on account of the same, there may be some question as to the fairness of the trial." The motion was refused. There does not seem to have been any

exception to the action of the court in refusing the motion, and, if there had been, this was a question which was entirely within the discretion of the court.

The fourth and fifth assignments of error relate to alleged omissions of the court "in failing to call the jury's attention to the many inconsistent and contradictory statements of the appellee concerning her knowledge of the time at which the money was taken," and, "in permitting a recovery on a sum in excess of $200 and interest, as appellee testified this was the only money she had of her own, and the rest of the money was partnership funds." . If the appellant desired specific directions as to any particular phase of the case, he should have embodied his desire in a request for such instructions. There were no points for charge presented. In the absence of request for specific instructions, we think the whole case was fairly covered by the charge of the court.

Although the question of the application of the statute of limitations is not raised by the assignments of error, it is argued by the appellant and could have been raised by his exceptions to the charge of the court. If the case is subject to the provisions of the Act of March 27, 1713, sec. 1, 1 Sm. L. 76, the charge of the court fully covers the case. If any fraud had been practiced upon the plaintiffs, so as to mislead her as to her rights in the premises, the statute would not apply, at least until the time of the discovery of such fraud: Claghorn's Estate, 181 Pa. 608; Smith v. Blachley, 198 Pa. 173.

The appellant's writ might well have been quashed, in view of the irregularity of the assignments of error and the absence of exceptions to the rulings of the court below, but, in the absence of a motion to quash and in view of all the facts of the case, we prefer to rest our judgment upon an unqualified affirmance.

Judgment affirmed.