# Cloyd, Appellant, v. Reynolds.

*Statute of limitations—Principal and agent—Fraud of agent—Concealment.*

1. Mere silence or concealment by a debtor may not, without affirmative misrepresentation, toll the running of the statute of limitations. Where, however, a debtor by actual fraud keeps his creditor in ignorance of the cause of action, the statute of limitations does not begin to run until the creditor had knowledge, or was put upon inquiry with means of knowledge that such cause of action had accrued.

2. When property is delivered to an agent for sale upon commission at a distant point, while it is the duty of the creditor to make inquiry about his claim, it is likewise the duty of the agent to give him full and proper information in regard thereto when inquiry is made, and should the creditor be misled by the information thus given, within the time of the running of the statute of limitations, the statute will only begin to run against the creditor from the time he acquired knowledge of the receipt of the money by the agent.

3. When a wrongdoer adds to his original fraud affirmative efforts to divert or mislead or prevent discovery, then he gives to his original

act a continuing character by virtue of which he deprives it of the protection of the statute until discovery.

4. Where a person consigns a horse to another to sell for a sum stated or more, with no liability on the part of the consignee, if the horse dies before a sale is effected, and the consignee sells the horse, and not only conceals the fact of the sale from the consignor, but also attempts to make the consignor believe that the horse had died, the statute of limitations does not run in favor of the consignee from the date of the sale of the horse, but only from the discovery of the fraud.

Submitted Oct. 29, 1909. Appeal, No. 225, Oct. T., 1909, by plaintiff, from order of C. P. Huntingdon Co., May T., 1909, No. 23, refusing to take off nonsuit in case of D. M. Cloyd v. H. P. Reynolds. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for money had and received from the sale of a horse. Before WOODS, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the court refused to admit under objection and exception certain letters written by the defendant to the plaintiff, offered for the purpose of showing that the defendant had represented to the plaintiff that the horse in question had been killed on a railroad.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were various rulings on evidence and order refusing to take off nonsuit.

*H. H. Waite* and *Howard L. Henderson,* for appellant.— Defendant was not entitled to the benefit of the statute of limitations: Kalin v. Wehrle, 36 Pa. Superior Ct. 305; Smith v. Blachley, 188 Pa. 550; Sankey v. McElevey, 104 Pa. 265.

*Chas. C. Brewster* and *Thos. F. Bailey,* for appellee.— Where more than six years have elapsed from the date

of the collection, the onus probandi to take such a case out of the statute, is on the plaintiff: Campbell v. Boggs, 48 Pa. 524.

Mere silence or concealment by the debtor without affirmative misrepresentation will not toll the running of the statute of limitations: Sankey v. McElevey, 104 Pa. 265.

In Fleming v. Culbert, 46 Pa. 498, it is held that constructive fraud simply is not sufficient to toll the running of the statute: Scranton Gas & Water Co. v. Iron & Coal Co., 167 Pa. 136; Ritchey's Est., 8 Pa. Superior Ct. 527; Hostetter v. Hollinger, 117 Pa. 606.

OPINION BY PORTER, J., October 10, 1910:

The plaintiff, in January, 1902, at Dublin, Virginia, delivered to the defendant a stallion to be sold by the latter upon commission. The horse was to be taken by the defendant to his place of business in Huntingdon county, Pa., and there sold if a satisfactory price could be obtained. Reynolds, under the provisions of the written agreement, was to sell the horse "at a price that he deems fit so that the colt shall pay to D. M. Cloyd the full sum of five hundred dollars and whatever part of the profits over that amount is mutually satisfactory." "In case of the death of the colt the said Reynolds shall not be held responsible for the $500, and the said D. M. Cloyd shall not be held responsible for any expense incurred on the colt." The oral evidence established that Reynolds took the horse to Huntingdon county, Pa., and there, on February 4, 1902, sold him to Trexler Bros. for the sum of $700 and received the purchase money for him. The plaintiff brought this action to recover the price of the horse on April 9, 1908. The court below upon the trial held that the statute of limitations was a bar to plaintiff's claim and entered a judgment of compulsory nonsuit which it subsequently refused to take off.

The plaintiff testified at the trial that the defendant had never informed him that the horse had been sold. He

also offered certain letters of the defendant to him which contained actual misrepresentations of the facts and were manifestly intended to lead the plaintiff to believe that the horse had been killed, while still the property of the plaintiff, while in process of transportation to the state of West Virginia, where the defendant represented that he had shipped him for the purpose of making a sale. The court below excluded these letters, which ruling is the subject of several of the specifications of error. When the defendant sold the horse he became the debtor of the plaintiff, and while that relation is not ordinarily one of trust or confidence so as to make it the duty of the debtor to disclose to the creditor the fact or amount of his indebtedness, this defendant was not privileged to misrepresent the facts when his creditor made inquiry. Mere silence or concealment by a debtor may not, without affirmative misrepresentation, toll the running of the statute of limitations. Where, however, a debtor by actual fraud keeps his creditor in ignorance of the cause of action, the statute of limitations does not begin to run until the creditor had knowledge, or was put upon inquiry with means of knowledge that such cause of action had accrued. When property is delivered to an agent for sale upon commission at a distant point, while it is the duty of the creditor to make inquiry about his claim, it is likewise the duty of the agent to give him full and proper information in regard thereto when inquiry is made, and should the creditor be misled by the information thus given, within the time of the running of the statute of limitations, the statute will only begin to run against the creditor from the time he acquired knowledge of the receipt of the money by the agent. When a wrongdoer adds to his original fraud affirmative efforts to divert or mislead or prevent discovery, then he gives to his original act a continuing character by virtue of which he deprives it of the protection of the statute until discovery: Wickersham v. Lee, 83 Pa. 416; Sankey v. McElevey, 104 Pa. 265; Smith v. Blachley, 198 Pa. 173. The letters which the court

below rejected as evidence clearly indicated the purpose of the defendant to mislead the plaintiff; he intended and only could have intended to have the plaintiff believe that the horse had not been sold, that he had been killed and that under the very terms of the written agreement the plaintiff had no right of action. The defendant intended the plaintiff to believe that he, the defendant, had brought an action against the railroad company to recover the value of the horse and that the plaintiff would only become entitled to be paid in case the defendant recovered from the railroad company. Yet when these letters were written the defendant had the money of the plaintiff in his pocket. The letters disclosed actual, persistent and willful fraudulent misrepresentation. If the defendant wrote these letters the bar of the statute of limitations cannot be made effective to permit him to retain the money of the plaintiff. The letters, being properly proved, ought to have been admitted in evidence. All the assignments of error are sustained.

The judgment is reversed and a venire facias de novo awarded.