Deemer et al., Appellants, *v.* Weaver, Exrx.

Argued April 16, 1936.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Russell C. Mauch,* with him *Milton J. Goodman,* for appellants.

*Ralph H. Schatz,* with him *Nimson Eckert* and *Arcus F. Shaffer,* for appellee.

OPINION BY MR. JUSTICE BARNES, October 5, 1936:

Anna C. Lerch died on August 14, 1931, a resident of Lehigh County. During her lifetime she was the owner of a life interest in a certain parcel of real estate located in Shimersville, Northampton County. The plaintiffs, nieces of the decedent, were the owners of the remainder interest in fee of this property. For sometime prior to July, 1919, the decedent, then eighty years of age, sought plaintiffs' approval to a sale of the property, representing that its proximity to the works of the Bethlehem Steel Company made it undesirable as a dwelling, and that its value was steadily diminishing. She stated to the remaindermen that she would not continue to reside in the property, but would abandon it and not keep it in repair if it were not sold.

In July, 1919, she volunteered to act for the plaintiffs and also in her own behalf to sell the property in fee for $5,000. The decedent suggested and agreed that the proceeds of the sale should be placed in a trust fund in substitution for the real estate, the income of which fund she should receive during her life, and upon her death the principal should then be payable to the plaintiffs as remaindermen.

Plaintiffs were reluctant to sell the property for $5,000, objecting that the sum was inadequate, but decedent insisted that the price was the best obtainable, and offered to add $500 of her own money to the trust fund of the proceeds if plaintiffs would permit her to make the sale.

Plaintiffs then gave their consent and upon the completion of negotiations, which they left entirely to Mrs. Lerch, joined in a deed dated July 11, 1919, conveying the property to the Saucon Land & Improvement Company, a subsidiary of the Bethlehem Steel Company. The consideration stated in the deed was $5,000. This sum, together with $500 supplied by Mrs. Lerch, was duly placed in trust with a bank, according to the agreement of the parties.

Following the death of Mrs. Lerch in 1931, a question arose as to the exact amount of the trust fund. This led plaintiffs to an investigation of the records of the Bethlehem Steel Company, which revealed to them for the first time that the price actually received by their aunt for the property in Shimersville was $9,000. Plaintiffs discovered that this price was paid in the following manner: At the instance of Mrs. Lerch, the agent of the Saucon Company, acting for the purchaser, caused the consideration to be stated in the deed as $5,000; this sum was delivered to the bank which was to hold the trust fund, and the balance of the consideration, amounting to $4,000, was paid direct to Mrs. Lerch as a "bonus." This was shown by a receipt for said sum duly signed by Mrs. Lerch.

Upon the discovery of these facts plaintiffs instituted this action against the executor of their aunt's estate, alleging that the decedent had acted as their agent in negotiating the sale, and that the concealment of a part of the purchase price was a fraudulent violation of her duty as agent. At the trial a compulsory nonsuit was entered upon the close of plaintiffs' testimony. From the refusal of the court in banc to take off the nonsuit, and from the judgment accordingly entered for the defendant, plaintiffs have appealed.

As this is an appeal from a refusal to take off a nonsuit, we must view the evidence in the light most favorable to plaintiffs: *Ketchum v. Conneaut Lake Co.*, 309 Pa. 224; *Dobrowolski v. Penna. R. R. Co.*, 319 Pa. 235;

*Foley v. Wasserman,* 319 Pa. 420; *Burns v. Pittsburgh,* 320 Pa. 92.

This suit was instituted in 1934, almost fifteen years after the transaction upon which plaintiffs base their claim, and three years after the decease of Mrs. Lerch. Under these circumstances the learned court below held that plaintiffs are barred from recovery by the statute of limitations. In reaching this decision the court relied upon *Smith v. Blachley,* 198 Pa. 173, and held that under the rule there enunciated plaintiffs cannot recover because there was no active concealment by the decedent of her fraud.

It is a familiar principle, established by a long line of decisions of which *Smith v. Blachley,* supra, is one of the most frequently cited, that mere silence or concealment does not toll the running of the statute, but that when the wrongdoer adds to his original fraud affirmative efforts to divert, mislead or prevent discovery, he gives to his original fraudulent act a continuing character which deprives it of the protection of the statute: *Wickersham v. Lee,* 83 Pa. 416; *Sankey v. McElevey,* 104 Pa. 265; *Hoagland v. Mulford,* 298 Pa. 588; *Johnson v. Hobensack,* 318 Pa. 305. The fundamental principle stated in *Smith v. Blachley,* supra, (p. 175) is that "in cases of fraud the statute runs only from discovery, or from when with reasonable diligence there ought to have been discovery." If by any act of concealment or deceit, whether before, or at the same time or after the act is committed, the wrongdoer hides from the innocent party the facts which would put him upon inquiry, the statute does not begin to run: *Lewey v. Fricke Coal Co.,* 166 Pa. 536; *Hall v. Penna. R. R. Co.,* 257 Pa. 54; *Schwab v. Cornell,* 306 Pa. 536; *Cloyd v. Reynolds,* 44 Pa. Superior Ct. 81; *Kalin v. Wehrle,* 36 Pa. Superior Ct. 305. In *Schwab v. Cornell,* supra, at p. 539, Mr. Justice SCHAFFER stated the principle applicable in cases of this kind, "If the circumstances are such that a man's eyes should have been open to what is occurring, then the

statute begins to run from the time when he could have seen, but if by concealment, through fraud or otherwise, a screen has been erected by his adversary which effectually obscures the view of what has happened, the statute remains quiescent until actual knowledge arises."

We are unable to agree with the learned court below that there was here no concealment to toll the running of the statute. By having the deed drawn so as to show the consideration as only $5,000 in accordance with her misrepresentations to plaintiffs, and by having the additional consideration paid to her in a separate transaction, the decedent concealed from plaintiffs all facts which might have put them upon notice that her statements, that the price for which she sold the property was $5,000, were false. The court below in its opinion states that the fact that decedent was willing to add $500 of her own money to the purchase price was a circumstance which should have awakened plaintiffs' suspicions. We do not view it in that light. Plaintiffs were not dealing with a stranger but with their aged aunt, and there was no cause for them to doubt that her offer was made for any reason other than the one she gave, namely, that she was willing to make this inducement because she wished to be relieved of the burden of keeping up a home in a locality which had become undesirable.

The court below also points to the fact that the public record of the deed shows that nine dollars of revenue stamps were attached, and holds that by diligence plaintiffs could have ascertained this fact by inspection of the recording in the office of the recorder of deeds, and from it the entire transaction. It is true that had plaintiffs any cause for inquiry this fact might readily have been discovered. The concealment practiced by decedent, however, completely hid the situation from plaintiffs. Since they had no reason to make investigation, they are not chargeable with what such investigation would have disclosed. It is in this regard that the instant case differs strikingly from *Smith v. Blachley,*

90

supra. There, as we said, "the most ordinary prudence" should have prompted an investigation "at the beginning." Here, plaintiffs had no ground for suspicion. As Justice SHARSWOOD said in *Maul v. Rider*, 59 Pa. 167, 171: "There are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence." And we quoted and gave approval to this statement of the principle in *Madole v. Miller*, 276 Pa. 131, 137.

The judgment is reversed and a venire facias de novo awarded.