Flach *v.* Integrity Trust Company, Appellant.

Argued December 13, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Edward Clark Lukens,* of *Adams, Childs, McKaig & Lukens,* for appellant.

*Francis X. Quinn,* with him *James J. Breen,* for appellee.

OPINION BY RHODES, J., January 31, 1939:

This is an action in assumpsit on an oral contract. The jury found for plaintiff. Defendant's motions for new trial and for judgment n. o. v. were dismissed. From the judgment entered on the verdict defendant has appealed.

Several reasons are assigned why plaintiff should not recover. Consideration of one will suffice, as it alone requires reversal of the judgment for plaintiff and the entry of judgment n. o. v. for defendant.

Plaintiff pleaded an oral contract entered into between plaintiff and defendant on or about the 28th day of September, 1926, whereby plaintiff agreed to purchase, and defendant agreed to sell and transfer to her, a certain bond in the sum of $1,500 given by Mary A. Thomas and Hannah A. Lennox, also known as Hannah A. Thomas, dated August 26, 1926, and secured by a mortgage of the same date, and duly recorded in the County of Philadelphia, which was to be a first lien with a clear and valid title against the premises described in the mortgage and in plaintiff's statement. It was also averred that plaintiff paid defendant the agreed sum; that on September 28, 1926, defendant duly assigned to her the said bond and mortgage; that at the time of the

execution of the said bond and mortgage defendant issued to itself as mortgagee a certain policy in the sum of $2,000 "insuring the said mortgage as a valid first lien upon the said premises, with a clear and marketable title to said mortgage and bond"; that defendant agreed to assign, and did assign, to plaintiff said policy.

Defendant, in its affidavit of defense, admitted these facts as averred.

In the statement of claim it was also averred by plaintiff that the mortgage in question was defective, invalid, and void in that the said Hannah A. Lennox, also described as Hannah A. Thomas, had a husband named Richard James living at the time she executed and delivered the said bond and mortgage. Defendant, in its affidavit of defense, denied this averment, and alleged that the said Hannah A. Lennox, or Hannah A. Thomas, was unmarried at the time of the execution of the said bond and mortgage. Plaintiff's averments that on or about September 19, 1935, she informed defendant that the mortgage was defective and void, and tendered the same to defendant, together with the title insurance policy, and that defendant refused to accept the tender of the said mortgage and return to plaintiff the sum of $1,500 were admitted.

As new matter in defendant's affidavit of defense, it was set forth that the cause of action averred in plaintiff's statement of claim arose more than six years prior to the beginning of the action, and was barred by the statute of limitations. Plaintiff's reply made a denial.

Plaintiff's suit was instituted on October 16, 1936, ten years after consummation of the transaction between plaintiff and defendant. At the trial the evidence related only to the question of the marriage of this mortgagor at the time of the execution of the bond and mortgage. Defendant's point for binding instructions was refused, and the jury found for plaintiff in the sum of $1,500. Assuming that the testimony was sufficient to establish that Hannah A. Lennox, or Hannah A.

Thomas, was married at the time she executed and delivered the bond and mortgage, the judgment must still be reversed as, under the pleadings and the evidence, plaintiff's action was barred by the statute of limitations. See Act of March 27, 1713, 1 Smith's Laws 76, 12 PS §31. Our examination of the record discloses to us nothing, either averred or proved, that would bar the running of the statute. In *Deemer et al. v. Weaver, Ex'r*, 324 Pa. 85, at page 88, 187 A. 215, at page 216, in an opinion by Mr. Justice BARNES, our Supreme Court said: "If by any act of concealment or deceit, whether before, or at the same time or after the act is committed, the wrongdoer hides from the innocent party the facts which would put him upon inquiry, the statute does not begin to run: *Lewey v. Fricke Coal Co.*, 166 Pa. 536 [31 A. 261]; *Hall v. Penna. R. R. Co.*, 257 Pa. 54 [100 A. 1035]; *Schwab v. Cornell*, 306 Pa. 536 [160 A. 449]; *Cloyd v. Reynolds*, 44 Pa. Superior Ct. 81; *Kalin v. Wehrle*, 36 Pa. Superior Ct. 305. In *Schwab v. Cornell*, supra, at p. 539, Mr. Justice SCHAFFER stated the principle applicable in cases of this kind, 'If the circumstances are such that a man's eyes should have been open to what is occurring, then the statute begins to run from the time when he could have seen, but if by concealment, through fraud or otherwise, a screen has been erected by his adversary which effectually obscures the view of what has happened, the statute remains quiescent until actual knowledge arises.' "

The learned court below states that plaintiff could have relied on defendant to give her a valid mortgage, and that she had a right to rely upon the policy of title insurance. It appears that the title policy was issued by defendant at the time it took the mortgage from Mary A. Thomas and Hannah A. Lennox, or Hannah A. Thomas, on August 26, 1926. With the bond and mortgage the policy was assigned to plaintiff; such was the agreement between the parties. The policy was a concrete expression of defendant's belief that the mortgage

was a valid first lien, which it agreed that plaintiff was to have. We are unable to construe the assignment of this policy to plaintiff as an act of concealment any more than the oral agreement of defendant to sell and transfer to plaintiff a valid mortgage which was to be a first lien can be said to be such an act. Neither the transaction itself nor any part of it had the taint of fraud. The six-year limitation began to run when the transaction was thus completed, unless there was some independent act of fraud or concealment by defendant; and we find none. Defendant did not conceal, through fraud or otherwise, any fact known to it to plaintiff's detriment.[1] *Cf. Johnson et al. v. Hobensack,* 318 Pa. 305, 178 A. 40; *Bernath v. LeFever,* 325 Pa. 43, 189 A. 342. The mortgage to defendant, subsequently assigned to plaintiff, set forth that Hannah A. Lennox, also known as Hannah A. Thomas, was unmarried, and her acknowledgment contained the same statement. We point out that there was an absence of any averment and proof of fraud or of concealment of any fact known, or which must have been known, to defendant. Likewise, the record is devoid of any fraudulent misrepresentation or of any act by defendant that could be construed as bringing about a concealment of the true situation, which plaintiff testified she discovered in 1932. Defendant may have been misled also by this mortgagor as to her marital status at the time of the execution of the mortgage, but plaintiff was not deprived from ascertaining the actual situation as the result of any independent act of fraud or concealment by defendant. Again we say there was no averment in the pleadings, and "there is no evidence to show that after the transaction was complete by the receipt of the money, the defendant ever did any thing to prevent inquiry": *Smith v. Blachley,* 198 Pa. 173, at page 179, 47 A. 985, at page 987. Plaintiff learned of the existing marriage of this mortgagor first. Defendant had no previous

---

[1] See *Taylor v. Hammell,* 201 Pa. 546, 51 A. 316.

knowledge of the fact. Its first information came from plaintiff. Defendant had obviously believed this mortgagor unmarried, as represented by her in the mortgage over her own signature and again in the acknowledgment, and issued the title insurance policy which plaintiff now has. In the event of loss plaintiff may still have a remedy on this policy. Defendant's good faith was not questioned. It did not fail to do anything which, in good conscience, it should have done. Under such conditions, in our judgment, the running of the statute was not tolled.

Those cases relied upon to sustain plaintiff's position are so different from the instant case that a brief statement of each case suffices to demonstrate that none is applicable.

*Schwab v. Cornell,* 306 Pa. 536, 160 A. 449, was an action in trespass for negligence in conveyancing. Plaintiff employed defendant to represent him in connection with the purchase of real estate. The duty of defendant was to prepare the deed for the properties, to see that plaintiff obtained a clear title, and to procure a policy of title insurance guaranteeing good title, clear of encumbrances, or inform plaintiff of any exceptions. Some taxes were unpaid, and in the title policy these taxes were not insured against. Defendant, in a letter to plaintiff enclosing deed and title policy, stated that the property was clear of liens. Plaintiff did not become aware of the tax liens until his property had been sold for the unpaid taxes. It was held, at page 539: "But even if the cause of action did arise and was complete at the time of writing the letter, this communication brought about such concealment as tolls the running of the statute."

In *Deemer et al. v. Weaver, Ex'r,* supra, plaintiffs instituted an action in assumpsit against the executor of their aunt's estate, alleging that the deceased had acted as their agent in negotiating a sale of real estate in which they had an interest, and that the concealment

of part of the purchase price was a fraudulent violation of her duty as agent. The testimony tended to establish that deceased concealed from plaintiffs all facts which might have to them been notice that her statements, as to the price for which she sold the property, were false. It was held that the concealment practiced by deceased completely hid the true situation from plaintiffs.

In *Cloyd v. Reynolds,* 44 Pa. Superior Ct. 81, judgment for defendant was reversed with a venire, as, it was held, certain letters of defendant which were not admitted in evidence disclosed actual, persistent, and wilful fraudulent misrepresentation, which would toll the running of the statute of limitations.

In *Hoagland v. Mulford,* 298 Pa. 588, 148 A. 864, plaintiff averred that he was induced to buy stock through the fraud and falsehood of defendant. Although plaintiff's judgment was reversed on another point, it was held that there was ample evidence of active concealment of fraud to prevent binding instructions for defendant on the ground that the statute of limitations was a bar to the action.

We are unable to agree with the conclusion of the court below that the statute of limitations did not begin to run against plaintiff until she learned, in the summer of 1932, that one of the mortgagors was a married woman when she executed the bond and mortgage on August 26, 1926, without the joinder of her husband.

Judgment of the court below is reversed, and judgment is here entered for defendant.