## American Automobile Insurance Companies
## v. Rosamilia

*Fox & Oldt*, for plaintiff.

*Gus Milides*, for defendant.

PALMER, J., January 10, 1961.—This matter is before the court on defendant's claim that plaintiff's suit is barred by the Statute of Limitations.

The complaint was filed on July 27, 1959, and, in substance, avers as follows: Defendant was an employe of Hauser Chevrolet Company of Bethlehem (hereinafter referred to as "Hauser") prior to November 1, 1952. During the course of his employment, plaintiff

insured Hauser against loss occasioned by employe dishonesty. On September 23, 1953, defendant pleaded guilty to an indictment charging him with conspiring to cheat and defraud Hauser of 227 tires and 5 tubes of the value of $4,714.72, which sum plaintiff was required under its policy to pay Hauser and which sum it, therefore, now claims from defendant.

Defendant argues that the tires were stolen prior to November 1, 1952, and the claim, therefore, is barred because the six-year statute of limitations commenced to run at the time of the theft. On the other hand, plaintiff contends the statute began to run on September 23, 1953, when defendant pleaded guilty to the conspiracy indictment and Hauser thus learned with certainty of defendant's fraud.

As to stolen property, the rule apparently is that in the absence of fraud or concealment, the statute begins to run at the time of the theft and not at the time the owner first has knowledge thereof,[1] although in at least one Minnesota case the Statute was held not to run until the identity of the thief became known.[2]

As to fraud, the Pennsylvania rule appears to be that in an action based on fraud, in which the fraud alleged is mere silence or concealment, the statute runs from the date of the fraudulent act complained of, un-. less the wrongdoer adds to the original fraud affirmative acts intended to divert, mislead or prevent discovery, in which case, the statute is tolled until discovery or until the time when with reasonable diligence there should have been discovery.[3]

Defendant argues the rule as to lost or stolen prop-

---

[1] 34 Am. Jur., Limitation of Actions, §135, p. 109.

[2] Commercial Union Insurance Co. v. Connolly, 183 Minn. 1, 235 N. W. 634.

[3] Smith v. Blachley, 198 Pa. 173; Deemer v. Weaver, 324 Pa. 85; Bailey v. Jacobs, 325 Pa. 187; Wosche v. Kraning, 353 Pa. 481.

erty should be applied. Plaintiff contends the fraud rule is applicable. We believe the instant suit is barred no matter which rule is applied.

It passes belief that Hauser did not know of its loss and did not have reasonable grounds to believe defendant was at least in part responsible on November 10, 1952, when a criminal information was lodged, charging him with larceny of the tires, fraudulent conversion, embezzlement and conspiracy to cheat and defraud. Following a hearing before an alderman, he was bound over for court on these charges. Because of a technical defect in the information, it was subsequently quashed and a new information lodged upon which a grand jury returned two true bills of indictment. Thereafter, again because of technical error, new bills of indictment were submitted to the grand jury, which, in April 1952, again returned true bills. All these events occurred more than six years before the instant suit was begun.

While it is true defendant pleaded not guilty until September 23, 1953, when he changed his plea to guilty on the conspiracy indictment and the court permitted the other indictment to be nolle prossed, the statute began to run no later than November 10, 1952, when the information was lodged, since by that date Hauser knew or had reason to know of defendant's wrong doing. We do not believe the statute was tolled until September 23, 1953, when this knowledge was confirmed by the guilty plea.

If the fraud rule be applied, the statute ran either from the last overt act prior to November, 1952, or, if defendant affirmatively diverted, misled or prevented discovery of his peculations, and there is nothing in the record before us indicating he did, it began to run on November 10, 1952, when the original information was lodged. Similarly, if the stolen property

rule be applied, the statute began to run at the time of the last overt act, prior to November 10, 1952, or, if the Minnesota rule be applied and the statute began to run upon the identity of the thief being discovered, it can certainly be said his identity was discovered with reasonable certainty when the original information was lodged. In either event, plaintiff's claim is barred.

### Order

And now, January 10, 1961, it is ordered, adjudged and decreed that the claim of plaintiff against defendant is barred by the statute of limitations and judgment on the plea of the statute of limitations contained in defendant's new matter is entered in favor of defendant and against plaintiff.