William J. OBST and Hunter Snapp, Jr.

v.

NEWARK BRACKET AND LADDER COMPANY.

Civ. A. No. 34409.

United States District Court
E. D. Pennsylvania.

Dec. 22, 1964.

James E. Beasley, Philadelphia, Pa., for plaintiffs.

John F. Naulty, Philadelphia, Pa., for defendant.

BODY, District Judge.

Defendant has filed a motion to dismiss this action, the complaint having been filed on October 28, 1963, alleging that service was improper and the statute of limitations applicable thereto would bar the same.

On October 28, 1960 William J. Obst and Hunter Snapp, Jr., citizens of the Commonwealth of Pennsylvania, were engaged as roofers for the Jesco Company of New Jersey. Plaintiffs were working on a scaffold and allege that the "pumpjack" or "liftjack" [1] slipped and threw them to the ground resulting in severe injury to both of them.

Plaintiff obtained the services of an attorney to represent them in their claim against Hoitsma Adjustable Scaffold Bracket Company of Patterson, New Jersey, a manufacturer of a pumpjack similar to the one involved in the incident in question. The record is silent as to what date counsel was obtained. On September 17, 1962, almost two years later, counsel now of record was retained to represent the plaintiffs and suit was instituted against the Hoitsma Adjustable Scaffold Bracket Company in the United States District Court for New Jersey, Newark Division.

According to the plaintiffs' brief, the case in New Jersey proceeded regularly upon the pre-trial stages, including *full and complete* discovery by way of depositions and interrogatories resulting in a disclosure of all factual and medical matters. This case was dismissed when it was revealed by Mr. Hoitsma, after an inspection of the pumpjack in question,

1. This is a metal device used to support a scaffold, upon which roofers stand, from wooden beams which rise vertical- ly on the outside of the building being constructed.

that the pumpjack was not manufactured by his company although both pumpjacks were similarly made except for a metal tab located at the end of a bracket. After this disclosure plaintiffs filed suit on October 28, 1963, three years after the accident, naming as defendant the Newark Bracket and Ladder Company of New Jersey. Plaintiffs' counsel has attached an affidavit to the brief stating in essence that the above facts are true and correct, and the delay in the filing of the suit was caused by the Newark Bracket and Ladder Company's infringement upon Mr. Hoitsma's patent.

To support their allegation that dismissal of this action before the Court for failure to file within the statute of limitations would be improper under these circumstances, plaintiffs rely on the theory that where a wrongdoer prevents or diverts discovery by some independent act or fraud or concealment, the statute of limitations is tolled. Deemer v. Weaver, 324 Pa. 85, 187 A. 215 (1936); United States v. General Electric Company, 209 F.Supp. 197 (E.D.Pa.1962).

■ I am in agreement with the law that has been applied in these cases. However, the principle is not applicable in the present case. Plaintiffs did not file their complaint in New Jersey until approximately twenty-three months after the occurrence of the accident. The reason for the months long delay in filing the complaint need not be considered by this Court. It is my opinion that the plaintiffs certainly could have and should have filed their complaint at a much earlier date. By so doing, the *"full and complete"* discovery initiated by plaintiffs in their first case would have permitted them to file their second suit well within the statute of limitations. Thus, this Court is not presented with the classic situation wherein the statute of limitations should be tolled because of the very acts of the defendants. In addition, nothing is in the record to prove the alleged fraud or patent infringement of the defendant.

■ Plaintiffs have also alleged that the accident occurred not only through negligence, but also through a breach of warranty. However, since the Uniform Commercial Code was not adopted in New Jersey until December 31, 1962, the four year statute of limitations applicable under the Code is not available to the plaintiffs.

In view of the foregoing, the Court deems it not necessary to consider defendant's other contention.

## ORDER

And now, this twenty-second day of December, 1964, in accordance with the foregoing Opinion, it is ordered that the Motion to Dismiss of the defendant, Newark Bracket and Ladder Company, be and the same is hereby granted.