## DeFebbo v. Speshok

*Nanovic & McKinley*, for plaintiff.

*Sigmon, Briody, Littner & Ross*, for defendant.

HEIMBACH, P. J., December 21, 1971.—We have for disposition defendant's motion for summary judgment under Pennsylvania Rule of Civil Procedure 1035.

He says in support of such motion:

1. That he is the person who was named by plaintiff in his summons and complaint as being the operator of the automobile involved in an accident wherein plaintiff was injured.

2. That service of the summons was made upon him in his individual capacity, as defendant, by the Sheriff of Carbon County.

3. That at no time did he operate an automobile involved in any accident wherein plaintiff was injured.

4. That he is not, under any legal theory, liable to plaintiff for his injuries.

We likewise have for disposition plaintiff's motion to amend his complaint to name ROBERT SPESHOK as defendant in place of STEPHEN SPESHOK.

The following facts are found:

1. Plaintiff, Ronald DeFebbo, was injured in a one-car automobile accident on January 30, 1969.

2. The involved car was owned by Stephen Speshok and was, at the time of the accident, being operated by his son Robert for his own purposes. The car was insured by Erie Insurance Exchange, with offices at 3404 Hamilton Boulevard, Allentown, Pa., and covered the liability of anyone lawfully operating the vehicle.

3. Immediately following the accident, Mr. Robert Barclay, an adjuster for Erie Insurance Exchange, called at the hospital were plaintiff was a patient and took an oral statement from him, writing down in substance what he said.

4. On February 18, 1969, the law firm of Nanovic & McKinley advised Mr. Barclay they represented Ronald DeFebbo and requested a copy of the statement he had given. The letter was addressed to the Erie Insurance Exchange, 3404 Hamilton Boulevard, Allentown, Pa., attention Bob Barclay, Claims

Adjuster, and captioned "RE: RONALD DeFEBBO v. STEPHEN SPESHOK."

5. Mr. Barclay, in a letter dated February 19, 1969, to Nanovic & McKinley, captioned "RE: No. A989117—STEPHEN SPESHOK—1/30/69—RONALD DeFEBBO v. STEPHEN SPESHOK" acknowledged receipt of the letter referred to in (4) and enclosed a copy of "Mr. DeFEBBO's" signed statement, with the further advice that a check for his hospital bill in the amount of $216.55 had been sent to Mr. DeFebbo, and a hope that an amicable settlement could be made as quickly as possible.

6. In the statement referred to in (5) hereof is the following excerpt, "I worked at my job from 8:00 A.M. to 4:15 P.M. At that time I asked Robert Speshok . . . for a ride."

7. On February 20, 1969, a summons was issued in the case of RONALD DeFEBBO, RD No. 1, Nesquehoning, Pa., plaintiff, v. STEPHEN SPESHOK, 312 W. Catawissa Street, Nesquehoning, Pa., defendant, and served on Stephen Speshok.

8. On April 3, 1970, the law firm of Sigmon, Briody, Littner & Ross, by William G. Ross, Esq., entered their general appearance for Stephen Speshok.

9. On April 15, 1970, plaintiff was ruled to file a complaint.

10. On May 8, 1970, plaintiff filed a complaint, wherein he says in paragraph 1, "Plaintiff is Ronald DeFebbo," and in paragraph 2 states that defendant is STEPHEN SPESHOK, who resides at 312 West Catawissa Street, Nesquehoning, Carbon County, Pa. In paragraph 3, he alleges Stephen Speshok was operating the car at about 4:20 p.m., in which there were two passengers, Ronald DeFebbo and Ronald Cebrosky. In paragraph 4, he states the place where

Stephen Speshok was operating the car when the accident occurred. In paragraph 5, he states how the accident occurred. In paragraph 6, he states the negligent acts causing the injuries. The remaining paragraphs deal with the injuries suffered.

11. In the answer filed, the first two paragraphs are admitted. In paragraph 3, he states, "It is denied that on January 30, 1969, at or about 4:20 p.m., the defendant, Stephen Speshok, was operating a 1961 Dodge Sedan. It is averred that the defendant, Stephen Speshok, is without sufficient belief or knowledge of the truth of said averment; therefore, the same is denied and at issue under the Pennsylvania Rules of Civil Procedure." He answers paragraph 4 in the same fashion. The remaining paragraphs are denied with the statement that the same are at issue under the Pennsylvania Rules of Civil Procedure.

12. On May 27, 1970, Mr. Nanovic was advised by Mr. Ross as follows: "Enclosed herewith please find carbon copy of defendant's answer in the above captioned matter (In re DeFEBBO v. SPESHOK)."

13. The same day the letter was received, Mr. Nanovic wrote a letter to Mr. Ross advising him that his client knew the defendant as STEPHEN SPESHOK, but if this were incorrect to advise him and the complaint would be amended.

14. The letter referred to in (13) was neither ackowledged nor answered, counsel at argument stating that plaintiff had other avenues to get this information and there was no duty on his part to furnish the correct name to plaintiff.

15. On May 17, 1971, defendant placed the case on the June term trial list, but the matter was amicably continued until the September term.

16. At the pretrial conference on Tuesday, September 14, 1971, Mr. Ross advised the court and plaintiff's

counsel that the operator's name was ROBERT SPESHOK and not STEPHEN, and for that reason he would seek a summary judgment. Plaintiff then orally moved to amend the complaint to substitute the name of ROBERT SPESHOK for that of STEPHEN SPESHOK. Defendant objected, stating the statute of limitations was a bar. We deferred action on such motion.

17. Plaintiff denies that he told the adjuster (see 6, supra) that the operator of the car causing his injuries was ROBERT SPESHOK. He says his oral statement was written down by the adjuster, who inserted such name without his knowledge, and went unnoticed by him when he signed the statement. He further states he knew the operator as STEPHEN SPESHOK.

18. Stephen Speshok and ROBERT Speshok are father and son, and have at all times resided at the same address.

## DISCUSSION

We are satisfied that the person named in the complaint and served with the summons was Stephen Speshok, who in no fashion is liable in damages to plaintiff. It follows, of course, that defendant, Stephen Speshok, is entitled to be dismissed as a party in this lawsuit.

Since the statute of limitations period has expired, Mangino v. Lieber, 442 Pa. 594, the issue we are now to decide is whether under the present facts, a complaint, after the expiration of the applicable statute of limitations, may be amended to change the proper name of defendant. We unequivocally state that, unless the amendment is permitted, a gross miscarriage of justice will result and liability of an insurance company will be avoided because of conduct on its part

and, regretfully, its counsel, that we believe should not be condoned.

Our conclusion that the insurance company, with the aid of counsel, and with the case of Saracina v. Cotoia, 417 Pa. 80, in mind, embarked on a course intended to result in the expiration of the statute of limitations period before plaintiff learned of his error, with a view to precluding any recovery of damages, is predicated on the facts we found as recited supra. Summarized, such facts show:

1. The insurance carrier, during more than a year of negotiating before counsel entered its appearance with knowledge that plaintiff knew the operator as Stephen Speshok, failed to disclose that it was ROBERT SPESHOK and not STEPHEN SPESHOK who was the operator of the car.

2. Counsel, shortly after entering its appearance, ruled plaintiff to file a complaint without advising counsel of the error in naming STEPHEN SPESHOK instead of ROBERT SPESHOK as the defendant.

3. Counsel, after receiving plaintiff's complaint, which again named STEPHEN SPESHOK as the defendant and operator of the car, alleged, inter alia, in its answer that STEPHEN SPESHOK was not operating the automobile at or about 4:20 p.m., without disclosing that it was son ROBERT who was the operator.

4. In view of son Robert being at all times a member of Stephen Speshok's household, defendant's statement in his answer disclaiming any belief or knowledge of plaintiff's remaining allegations suggests a further attempt to mislead plaintiff.

5. Counsel mailed a copy of its answer to plaintiff's attorney without any reference to plaintiff's error in naming STEPHEN Speshok instead of ROBERT Speshok.

6. Counsel's failure to supply plaintiff's counsel with the correct name of the operator of the car, as requested by letter immediately after receiving a copy of the answer, for the reason stated (see fact 13) suggests the correctness of our conclusion.

7. Counsel's action in failing to move for Stephen Speshok's dismissal as a defendant prior to the expiration of the statute of limitations likewise suggests the correctness of our conclusion.

We are of the opinion that plaintiff was deceived and the name of the proper defendant was deliberately concealed from him for an improper motive. For this reason, he is not barred by the statute of limitations and he is, therefore, entitled to amend his complaint. The court in Schaffer v. Larzelere, 410 Pa. 402, 405, supports our view in the following statement:

"Under the law of Pennsylvania, it is the duty of one asserting a cause of action against another to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute the suit within the prescribed statutory period: Patton v. Commonwealth Trust Co., 276 Pa. 95, 119 A. 834 (1923); Turtzo v. Boyer, 370 Pa. 526, 88 A. 2d 884 (1952). Mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the statute: Ridgway's Account, 206 Pa. 587, 56 A. 25 (1903); McEnery v. Metropolitan Life Ins. Co., 50 Pa. D & C. 395 (1944). If, however, through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the limitation of the action: Plazak v. Allegheny Steel Company, 324 Pa. 422, 188 A. 130 (1936) and Deemer v. Weaver, 324 Pa. 85, 187 A. 215 (1936). . . ."

We hold the case of Saracin v. Cotoia, supra, to be

inapposite for the reasons stated in Schaffer v. Larzelere, supra. In such case, defendant, who was incorrectly named and served, did not in any fashion mislead plaintiff nor conceal facts from him. In fact, plaintiff, in defendant's answer, was apprised of the name of the operator of the car. The plaintiff failed to seek to amend within the statutory period. The court ruled (page 83) that after the statute of limitations has run, an amendment of the complaint to bring in a new and distinct party to the action cannot be permitted, citing cases.

We are also of the opinion that process was obtained by plaintiff against the right defendant, but improperly designated, prior to the expiration of the statute of limitations not as the result of the issuance and service of the summons,* but as the result of the filing of the complaint, which, in this case, commenced the action. Counsel's participation in the proceedings thereafter is a general appearance for defendant: 1 Standard Pa. Practice, 549, Section 105.

Our reason for concluding that the right defendant is in court, but improperly designated, is this: Under the terms of the policy, the operator of the Speshok car was insured. Recognizing its legal obligation, after attempts to negotiate a settlement had failed, it engaged counsel to enter an appearance for the party whose interest under the terms of the policy it was duty bound to protect. This person was known to the insurance company as Robert Speshok, but to plaintiff as Stephen Speshok.

We hold, therefore, that since Robert Speshok was the

---

* Admittedly sheriff's service on Stephen Speshok did not bring in Robert Speshok as a party.

right person sued, but under a wrong designation, the amendment sought is not barred by the statute of limitations, since it does not substitute another and distinct party: Gozdonovic v. Pleasant Hills Realty Co. et al., 357 Pa. 23, 29; Powell v. Sutliff, 410 Pa. 436.

Wherefore, we enter the following

### ORDER

Now, to wit, December 21, 1971, plaintiff's motion to amend its complaint naming Robert Speshok as defendant is allowed, and Stephen Speshok is dismissed as a party in this action.