J-S73026-16

2016 PA Super 245

| IN RE:  ESTATE OF RALPH F. TITO, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF:  CAROL J. GALINAC | No. 351 WDA 2016 |

Appeal from the Order Entered February 10, 2016
In the Court of Common Pleas of Westmoreland County
Orphans' Court at No(s): 65-13-1922

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

OPINION BY LAZARUS, J.:                    **FILED NOVEMBER 15, 2016**

Carol J. Galinac appeals from the order entered in the Court of Common Pleas of Westmoreland County, Orphans' Court Division, granting summary judgment in favor of the Estate of Ralph F. Tito, Deceased.  Upon careful review, we affirm.

Ralph F. Tito ("Decedent") died on September 20, 2013.  He left a will dated March 1, 2007, which was duly admitted to probate.  Decedent was survived by his four children, Nancy J. Tito, Ann L. Wilson, Ralph R. Tito and Anthony C. Tito, all of whom were named as co-executors under Decedent's will.  Decedent was unmarried at the time of his death.  However, he had been in a romantic relationship with Galinac since the early 1990s.  Decedent's will divided his estate equally amongst his four children and provided nothing for Galinac.

On October 20, 2014, Galinac filed a document entitled "Claim Against Estate of Ralph F. Tito," in which she set forth eleven claims alleging that

Decedent's children stole numerous sums of money and other assets from the Decedent which were intended for her. Galinac also alleged that certain items of her personalty were not returned to her from the Decedent's residence. The Estate filed a response and counterclaim on November 13, 2014. In its response, the Estate asserted that: (1) a cohabitation agreement entered into by the Decedent and Galinac barred any claims by Galinac against the Estate; (2) a valid power of attorney allowed Ralph R. and Nancy J. Tito to engage in financial transactions on Decedent's behalf prior to his death; (3) Galinac failed to provide a basis for claiming Decedent intended any assets for her; and (4) many of Galinac's claims were not properly asserted against the Estate, but rather against Decedent's children in their individual capacities. In its counterclaim, the Estate: (1) demanded the return of $11,500 it claims Galinac wrongfully withdrew from Decedent's checking account; (2) demanded the return of the date-of-death balance of $3,153.59 in Decedent's checking account; and (3) asserted a claim, pursuant to the cohabitation agreement signed by Galinac, for counsel fees it incurred defending Galinac's claims against the Estate.

On April 24, 2015, Galinac filed an amendment to her claim against the Estate, in which she alleged that she was the Decedent's common-law wife and asserted her right of election against Decedent's estate pursuant to

20 Pa.C.S.A. § 2203.[1]  On May 1, 2015, the Estate filed a motion to bar Galinac from electing against the Decedent's will, citing section 2210 of the PEF Code, which provides as follows:

> (b) Time limit.--The election must be filed with the clerk before the expiration of six months after the decedent's death or before the expiration of six months after the date of probate, whichever is later.  The court may extend the time for election for such period and upon such terms and conditions as the court shall deem proper under the circumstances on application of the surviving spouse filed with the clerk within the foregoing time limit.  Failure to file an election in the manner and within the time limit set forth in this section shall be deemed a waiver of the right of election.

20 Pa.C.S.A. § 2210(b).

On June 29, 2015, the Estate filed a motion for summary judgment in which it asserted, *inter alia*, that Galinac's election against the will was time-barred and that her eleven claims for return of property were improperly asserted against the Estate.  Galinac filed her response on August 17, 2015, and, on October 20, 2015, the Orphans' Court entered an order granting summary judgment with respect to Galinac's attempt to elect against the Decedent's will.  On November 5, 2015, the court entered an amended order to correct an erroneous date contained in the original summary judgment order and to further grant the Estate summary judgment with respect to

---

[1] Section 2203 of the Probate, Estates and Fiduciaries ("PEF") Code grants to the spouse of a Decedent a right to a one-third share of certain enumerated property, including, *inter alia*, property passing from the decedent by will. *See* 20 Pa.C.S.A. § 2203(a)(1).

Galinac's remaining eleven claims. Galinac filed a motion for reconsideration, in which she asserted that the Orphans' Court had failed to hear oral argument on the eleven claims. By order dated November 24, 2015, the court granted reconsideration as to the eleven claims and scheduled oral argument thereon. Following argument, on February 10, 2016, the court entered an order denying reconsideration. This timely appeal follows, in which Galinac raises the following issues for our review:

> 1. Does this Honorable Court have jurisdiction over this appeal under Pa.R.[A.]P. 341?
>
> 2. Does the statute of limitations in 20 Pa.C.S. § 2210 prevent [Galinac] from proving her common law marriage to [Decedent] and electing against the will?
>
> 3. Was summary judgment appropriate as to the eleven counts?

Brief of Appellant, at 3.

Prior to addressing Galinac's substantive claims, we must determine whether this Court possesses jurisdiction over her appeal. On June 7, 2016, Galinac filed with this Court a motion for remand, in which she asserted that, while preparing her brief, she "realized that the [Estate's] counterclaim is still pending in the [c]ourt of [c]ommon [p]leas." Motion for Remand, 6/7/16, at ¶ 1. Accordingly, Galinac claimed that her appeal could not proceed until the counterclaim is adjudicated by the Orphans' Court and requested the matter be remanded. On June 13, 2016, this Court entered a per curiam order denying Galinac's application without prejudice to raise the

matter before the merits panel. Both parties addressed the issue in their briefs.

Galinac asserts that this Court lacks jurisdiction to consider her appeal pursuant to Rule 341(c), which provides, in pertinent part, that "any order . . . that adjudicates fewer than all the claims and parties shall not constitute a final order." Pa.R.A.P. 341(c). Because the Estate's counterclaims remain unresolved, Galinac argues that the case must be remanded. The Estate counters that this Court possesses jurisdiction to hear the appeal under Pa.R.A.P. 342, which renders certain orders of the Orphans' Court immediately appealable, including those determining the status of fiduciaries, beneficiaries or creditors of an estate or trust and those determining an interest in real or personal property. *See* Pa.R.A.P. 342(a)(5) & (6).

We conclude that the February 10, 2016 order of the Orphans' Court granting summary judgment is immediately appealable under Rule 342(a)(5), because it is an order that determines "if an individual . . . is a . . . beneficiary or creditor, such as an order determining if the alleged creditor has a valid claim against the estate." Pa.R.A.P. 342, Note. In granting summary judgment in favor of the Estate, the court made a determination that Galinac is neither a creditor of the estate, as she asserted in her eleven claims, nor a beneficiary, as she asserted in her election against the Decedent's will. Accordingly, we will review the merits of Galinac's substantive claims.

Galinac first asserts that the Orphans' Court erred in concluding that the statute of limitations under section 2210 of the PEF Code precludes her from electing against the Decedent's will. Galinac argues that the court should have allowed her to prove the existence of a common-law marriage between her and the Decedent. Galinac argues that the statute of limitations did not bar her election because the Decedent's children repeatedly told her that she was merely the Decedent's girlfriend, that she was not his wife, and that she had no rights. Galinac argues that these statements amounted to fraudulent concealment, which tolled the statute of limitations. Galinac also argues that the "discovery rule" tolled the statute. Both of these arguments are patently meritless.

In **Staudenmayer v. Staudenmayer**, 714 A.2d 1016 (Pa. 1998), our Supreme Court summarized the burden of proving a common-law marriage[2] as follows:

_____

[2] In 2004, the Pennsylvania legislature amended the Domestic Relations Code, effective January 24, 2005, with regard to "common law" marriages, as follows:

§ 1103. Common-law marriage

No common-law marriage contracted after January 1, 2005, shall be valid. Nothing in this part shall be deemed or taken to render any common-law marriage otherwise lawful and contracted on or before January 1, 2005, invalid.

23 Pa.C.S.A. § 1103. However, because the statute's effect was only prospective, parties that entered into a common-law marriage prior to January 1, 2005 may still assert the validity of their union. Here, Galinac
*(Footnote Continued Next Page)*

A common law marriage can only be created by an exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and wife is created by that.

\* \* \*

The common law marriage contract does not require any specific form of words, and all that is essential is proof of an agreement to enter into the legal relationship of marriage at the present time.

The burden to prove the marriage is on the party alleging the marriage, and we have described this as a heavy burden where there is an allegation of a common law marriage. When an attempt is made to establish a common law marriage without the usual formalities, the claim must be viewed with great scrutiny.

Generally, words in the present tense are required to prove common law marriage. Because common law marriage cases arose most frequently because of claims for a putative surviving spouse's share of an estate, however, we developed a rebuttable presumption in favor of a common law marriage where there is an absence of testimony regarding the exchange of *verba in praesenti*. When applicable, the party claiming a common law marriage who proves: (1) constant cohabitation; and (2) a reputation of marriage which is not partial or divided but is broad and general, raises the rebuttable presumption of marriage. Constant cohabitation, however, even when conjoined with general reputation are not marriage, they are merely circumstances which give rise to a rebuttable presumption of marriage.

*Id.* at 1020–21 (citations, quotations and footnotes omitted).

The doctrine of fraudulent concealment serves to toll the running of the statute of limitations and is based on a theory of estoppel. *Fine v. Checcio*, 870 A.2d 850, 860 (Pa. 2005). The doctrine provides that a

*(Footnote Continued)* _____

claims that she and the Decedent entered into their common-law marriage in September of 1992. *See* Deposition of Carol Galinac, 5/28/15, at 32.

defendant may not invoke the statute of limitations if, through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts. **Deemer v. Weaver**, 187 A. 215, 215 (Pa. 1936). The doctrine does not require fraud in the strictest sense encompassing an intent to deceive, but rather, fraud in the broadest sense, which includes an unintentional deception. **Id.** The plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence. **Molineux v. Reed**, 532 A.2d 792, 794 (Pa. 1987).

Similarly, the discovery rule also serves to toll the statute of limitations. "The purpose of the discovery rule has been to exclude from the running of the statute of limitations that period of time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured, so that he has essentially the same rights as those who have suffered such an injury." **Fine**, 870 A.2d at 858, citing **Hayward v. Medical Center of Beaver County**, 608 A.2d 1040, 1043 (Pa. 1992).

> [W]hen a court is presented with the assertion of the discovery rule[']s application, it must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause. Since this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, ordinarily, a jury is to decide it. Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law.

*Fine*, 870 A.2d at 858–59.

Here, both of Galinac's arguments – fraudulent concealment and the "discovery rule" – are premised on the notion that Galinac was unaware of the existence of her own common-law marriage and, in the case of fraudulent concealment, that the appellees somehow prevented her from discovering the existence of that marriage. However, the doctrine of common-law marriage is premised on the existence of an agreement between the two parties to enter into a marriage. *See Staudenmeyer*, *supra*, at 1020 ("[A]ll that is essential [to establish a common law marriage] is proof of an agreement to enter into the legal relationship of marriage at the present time."). By definition, an agreement requires knowledge on the part of both parties as to the subject of the agreement.[3] As such, Galinac's argument that she was unaware of her common-law marriage is completely at odds with her claim that she and the Decedent were parties to such a marriage. Galinac's positions are illogical, irreconcilable and legally untenable. Accordingly, the Orphans' Court properly concluded that the statute of limitations was not tolled, and that Galinac's election against the Decedent's will was time-barred.

_____

[3] An "agreement" is defined as a "mutual understanding between two or more persons about their relative rights and duties regarding past or future performances; a manifestation of mutual assent by two or more persons." Black's Law Dictionary (10th ed. 2014).

Finally, Galinac asserts that the Orphans' Court erred in granting summary judgment as to her eleven claims. Because she fails to develop this argument in any meaningful way in her appellate brief, Galinac has waived this claim.

"[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***McEwing v. Lititz Mut. Ins. Co.***, 77 A.3d 639, 647 (Pa. Super. 2013), quoting ***Umbelina v. Adams***, 34 A.3d 151, 161 (Pa. Super. 2011). Here, Galinac's one-and-a-half-page argument begins with conclusory statements regarding certain funds she claims are owed to her by the Estate. Galinac continues with a block quote from the Orphans' Court's order, and concludes with a recitation of this Court's standard of review of a grant of summary judgment. Galinac neither applies any relevant legal authority to the facts of the case nor presents any basis upon which this Court could conclude that the grant of summary judgment was inappropriate. Accordingly, her final claim is waived. ***See*** Pa.R.A.P. 2119.

Order affirmed. Motion for remand denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2016