Mifflin County National Bank, Appellant, v. Fourth
Street National Bank.

*Statute of limitations—Assignment for creditors—Banks and banking.*

Where an assignee for creditors makes a demand upon a bank for the amount of a deposit standing in the assignor's name, and the bank claims the right to hold the deposit under a special contract to meet maturing notes, and the assignee after examining the evidence acquiesces in the claim and takes no further steps, the statute of limitations begins to run from the time of the demand on the bank and its refusal to pay. The fact that the creditors of the assignor had no knowledge until a much later period of the deposit, and of the assignee's acquiescence in its retention by the bank, is wholly immaterial.

Argued March 26, 1901. Appeal, No. 341, Jan. T., 1900, by plaintiffs, from decree of C. P. No. 1, Phila. Co., March T., 1898, No. 586, dismissing bill in equity in case of the Mifflin County National Bank, First National Bank of Mahanoy City, Atlantic City National Bank; George M. Brisbin, lately trading as the Houtzdale Bank; Harry Cessna, Executor of John Cessna, Deceased; Farmers and Mechanics' National Bank of Woodbury, N. J., v. Fourth Street National Bank of Philadelphia; Guarantee Trust and Safe Deposit Company, Assignee for the benefit of creditors of Robert Hare Powel & Co., and Robert Hare Powel's Sons & Co., and John C. Bradley, Robert Hare Powel, De Veaux Powel and Henry B. Powel, lately trading under the firm names of Robert Hare Powel & Co., and Robert Hare Powel's Sons & Co. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an account.

BRÉGY, J., found the facts to be as follows:

This is a bill filed by a number of the creditors of Robert Hare Powel & Company, and of Robert Hare Powel's Sons & Company, to recover for their own benefit a sum of $25,123.79, which was on deposit in the Fourth Street National Bank of Philadelphia, to the credit of Robert Hare Powel & Company on August 27, 1887, that being the date of the assignment for the benefit of creditors of the two Powel firms. It also being al-

leged that the assignee for the benefit of creditors refuses to bring suit to recover the amount.

The answer of the Fourth Street National Bank claims that the deposit was held as collateral security for a loan of $90,000 made to Robert Hare Powel's Sons & Company, and denies the right of plaintiffs to recover it. First, because they are not judgment creditors; second, because the claim is barred by the statute of limitations; third, because of the laches of the plaintiff.

I find the facts to be as follows:

1. That on August 27, 1887, the firms of Robert Hare Powel & Company and Robert Hare Powel's Sons & Company made an assignment for the benefit of creditors to the Guarantee Trust & Safe Deposit Company; that John C. Bradley, Robert H. Powel, DeVeaux Powel and Henry B. Powel were all members of both firms. One of the firms was in the coal business, the other in the iron business.

2. That at the time of the assignment, to wit: August 27, 1887, there was a deposit of $25,123.79 in the Fourth Street National Bank, defendant, to the credit of the firm of Robert Hare Powel & Company.

3. That of the plaintiffs the following are creditors of the firm of Robert Hare Powel & Company: Mifflin County National Bank to the amount of $13,961.99; First National Bank of Mahanoy City to the amount of $4,000; George M. Brisbin et al., trading as the Houtzdale Bank, to the amount of $11,719.29; Atlantic City National Bank to the amount of $4,100; Farmers' and Mechanics' National Bank of Woodbury to the amount of $3,659.91; Central Banking Company, Mt. Union, Pa., to the amount of $2,781.94; Harry Cessna, executor of John Cessna, to the amount of $2,009.37, and the remainder are creditors of Robert Hare Powel's Sons & Company.

4. That the assignee has neglected to bring suit against the Fourth Street National Bank, although requested to do so.

5. Immediately after the assignment, the counsel for the assignee called on the cashier of the Fourth Street National Bank, defendant, and was informed by the cashier that the bank had made a loan of $100,000 to Robert Hare Powel's Sons & Company (afterward reduced by a payment to $90,000), and that there had been a promise made by W. W. Kurtz, who applied

for the loan, "that they would keep a balance of $25,000 in bank, which would go towards the liquidating of these debts, and that balance was to be kept there until the notes were paid off in full," and showed him the papers they had claiming the deposit should go toward paying the notes. After that no claim was made by the assignee.

6. The first knowledge the plaintiff had of the fund in the Fourth Street National Bank was about three years prior to the filing of this bill.

7. None of the plaintiffs are judgment creditors of Robert Hare Powel & Company, but their claims have been proved and allowed by the auditor of the assignee's account of Robert Hare Powel & Company.

The court held that the statute of limitations barred the claim and accordingly dismissed the bill.

*Error assigned* was decree dismissing the bill.

*James W. M. Newlin,* for appellants, cited as to the statute of limitations : Marsden's App., 102 Pa. 199 ; Planters' Bank v. Farmers' & Mechanics' Bank, 8 Gill & J. 449 ; Union Bank v. Planters' Bank, 9 Gill & J. 439 ; Dickinson v. Leominster Savings Bank, 152 Mass. 49 ; Bank of British North America v. Merchants' Nat. Bank, 91 N. Y. 106 ; Goodell v. Brandon Nat. Bank, 63 Vt. 303.

*Richard C. Dale,* for appellee, was not heard.

OPINION BY MR. JUSTICE MITCHELL, May 27, 1901 :

This is a bill by creditors of two insolvent assigned estates against an alleged debtor to the estates and the joint assignee of both. There are some averments against the assignee which amount to a charge of concealed fraud upon its part, but even if they were true they would not affect the position of the main defendant, the Fourth Street National Bank, and are therefore irrelevant and immaterial in the present case. The assigned estates were those of two firms doing separate business under distinct names, but composed of the same partners. At the time of the assignments the bank had on deposit funds of one of the firms which it claimed the right to hold under special con-

tract, to meet maturing notes of the other. In August or September, 1887, the assignee called upon the bank in reference to the deposit and was informed of the bank's claim to hold it. After examining the evidence on the subject the assignee acquiesced in the claim and took no further steps to assert the rights of the assigned estates or his own as assignee. The learned judge below rightly held that this was equivalent to a demand on the bank and a refusal by it to pay. It had all the substantial elements of a demand, and was clearly a refusal. A right of action therefore accrued at once and the statute of limitations began to run. This bill was not filed until eleven years afterwards. It was too late.

The plaintiffs' want of discovery or knowledge of the deposit and of the assignee's acquiescence in its retention by the bank was wholly immaterial. The bank's refusal was openly made, to the only party it was bound to know or to account to in the matter. There was no element of concealment on its part which could in any manner affect the running of the statute in its favor.

Decree affirmed at appellant's costs.