## Taylor, Appellant, *v.* Hammell.

*Statute of limitations—Fraud—Conveyancer—Real estate broker—Forged mortgage.*

Where a real estate broker and conveyancer employed to invest money in a mortgage is remiss in his duty in examining the records, and fails thereby to discover facts which would have shown that the mortgage was fraudulent, he may be held responsible for negligence, if an action is brought against him within six years; but after the expiration of six years no recovery can be had against him in the absence of actual fraud on his part, or fraudulent concealment of any matter which affected the validity of the mortgage.

Argued Jan. 10, 1902. Appeal, No. 240, Jan. T., 1901, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1900, No. 541, on verdict for defendant in case of Augusta Taylor v. Howard T. Hammell. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit by principal against agent for failure by the agent to properly perform a duty entrusted to him.

The defendant pleaded the statute of limitations.

At the trial before Audenried, J., it appeared that in March, 1894, the plaintiff placed in the hands of defendant $1,500 for an investment in a mortgage. The defendant procured a mortgage which purported to be on premises 1914 Mervine street, which, however, was not the lot as described in the mortgage. The mortgage was signed with a fictitious name by one Clark. The defendant did not fully consult the records, and he thus failed to discover the fraudulent character of the mortgage. There was no evidence that the defendant participated in the fraud, or knew of it, or concealed any matter connected with it.

The court gave binding instructions for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Joseph R. Embery*, cited as to the statute of limitations: Morgan v. Tener, 83 Pa. 305; Smith v. Blachley, 198 Pa. 173; Wickersham v. Lee, 83 Pa. 416; Speidel v. Henrici, 120 U. S. 377; 7 Pa. Superior Ct. 610.

*Arthur S. Arnold*, for appellee, cited : Owen v. Western Saving Fund Society, 97 Pa. 47; New Holland Turnpike Road Co. v. Farmers' Ins. Co., 144 Pa. 541; Moore v. Juvenal, 92 Pa. 484; Lehigh Coal & Navigation Co. v. Blakeslee, 189 Pa. 13; Scranton Gas & Water Co. v. Lackawanna Iron & Coal Co., 167 Pa. 136.

OPINION BY MR. JUSTICE POTTER, February 24, 1902 :

The defendant in this case was remiss in his duty as a conveyancer, in two important particulars. He did not consult the record in the department of surveys, and thus failed to use the appropriate means for verifying the location of the lot as described in the mortgage. Neither did he compare the name of the owner of the property as set forth in the deed with that signed to the mortgage. Such comparison would have shown him the discrepancy in this respect. He might, therefore, have well been held responsible for negligence, had this action been brought within six years from the date of the transaction. This was not done, however, and the right of the plaintiff to recover is clearly barred by the statute of limitations.

There was no actual fraud charged or proven against the defendant. Neither had he any knowledge of the fraud which had been practiced by the notary who forged the name of the mortgagor. And having no such knowledge, he could not be guilty of such affirmative, fraudulent concealment of the matter as would interfere with the running of the statute. The suggestion that Clark, the forger, was the agent of the defendant in the transaction, is not supported by anything in the evidence. The case as a whole seems to be clear of anything

which would create an exception to the general rule, or which would prevent the statute from running its regular course.

The trial judge was fully justified in directing the jury to render a verdict for the defendant. The assignment of error is overruled, and the judgment is affirmed.