448 A.2d 1073

**WM. B. TENNY, BUILDER AND DEVELOPER, Appellant,**

v.

**DAUPHIN DEPOSIT BANK & TRUST CO.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1982.

Filed July 2, 1982.

Reargument Denied Aug. 24, 1982.

William B. Tenny, Camp Hill, appellant, in pro. per. James D. Flower, Carlisle, for appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order granting summary judgment because the applicable statutes of limitations had expired. For the following reasons, we affirm as to counts two and three of appellant's complaint, but reverse and remand as to count one.

## I.

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R. Civ.P. 1035(b). The evidence must be viewed in the light most favorable to the non-moving party and all doubts must be resolved against the moving party. *Petraglia v. American Motorists Insurance Co.*, 284 Pa.Superior Ct. 1, 3, 424 A.2d 1360, 1361 (1981), *aff'd mem.*, 498 Pa. 33, 444 A.2d 653 (1982). Summary judgment can only be granted in the clearest of cases. *Id.*, citing *Schachter v. Albert*, 212 Pa.Superior Ct. 58, 239 A.2d 841 (1968). "Moreover, in passing upon a motion for summary judgment, *it is no part of our function to decide issues of fact but solely to determine whether there is an issue of fact to be tried* and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment." *Juarbe v. City of Philadelphia*, 288 Pa.Superior Ct. 330, 334–35, 431 A.2d 1073, 1075 (1981), quoting *Bollinger v. Palmerton Area Communities Endeavor, Inc.*, 241 Pa.Superior Ct. 341, 350, 361 A.2d 676, 680 (1976) (emphasis in original). Applying these principles, we must determine whether the lower court properly concluded that appellant had not timely commenced this action.

## II.

In count one, appellant alleged the following facts: Appellee held itself out to the general public as a provider of "competent, experienced, knowledgeable, and trustworthy business advi[ce]," and that its "professional services were available to [him] in consideration for [his banking] business and [his] securing business for [appellee]." (R. 2a–3a.) Appellant "maintained a banking relationship with [appellee], referred bank transactions to [it], and paid in excess of $100.00 interest and other fees to [appellee]." (*Id.* at 3a.) On June 12, 1972, appellant sought appellee's advice concern-

ing the financing of a particular project. One week later, appellee "advised [him] that [it] would give a mortgage loan ... 'of whatever it takes to complete the work and pay off the existing mortgage' but that [he] should do as much of the work ... as possible using his own operating money and credit ... before the mortgage money would be advanced." (*Id.*) Relying upon that advice, appellant contracted with the project's owner, undertook performance, and, for approximately one year, incurred costs for labor and materials. In July, 1973, the owner requested a $118,000 loan from appellee "to complete the work and pay off the existing mortgage." In late November, 1973, appellant called upon appellee to fulfill its promise by lending the owner $106,000 for the project. On July 16, 1974, appellee refused to grant either request, but, instead, gave the owner an $80,000 mortgage. Because the loan was insufficient, the owner did not pay appellant approximately $38,000 outstanding on the construction contract. Appellee denied that it had agreed to provide financial advice, but alleged that appellant had merely maintained a normal customer-bank relationship prior to the loan requests.

■ In holding this count time-barred, the lower court stated:

Section 5525(3) of the Judicial Code ..., 42 Pa.C.S. § 5525(3), provides that "[a]n action upon an express contract not founded upon an instrument in writing" must be commenced within four years and § 5502 of the Judicial Code provides that "the time within which a matter must be commenced shall be computed ... from the time the cause of action accrued." An action on a contract accrues when the contract is breached. 22 P.L.E., Limitation of Actions § 54. *See also A. J. Aberman, Inc. v. Funk Bldg. Corp.,* 278 Pa.Superior Ct. 385, 420 A.2d 594 (1980). Here the cause of action accrued on July 16, 1974, when the breach occurred. By the literal terms of § 5525(3), the period within which to bring the action expired on July 15, 1978; however, because the breach occurred prior to the effective date of § 5525 and because

§ 5525 reduces the previous six-year period of limitations found in the Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 P.S. § 31, to four years in the case of oral contracts, the plaintiff is given an additional one year from the effective date of the Judicial Code within which to commence his action. *See* § 25(a) of the Act of July 9, 1976, P.L. 586, No. 142. The Judicial Code became effective on June 27, 1978. Accordingly, [appellant] had until June 26, 1979, to commence his action. Because the action was not commenced until June 17, 1980, Count I is time barred. Opinion at 3–4. The lower court thus accepted appellee's contention that the relevant contract, the June 19, 1972 oral promise to lend a sufficient amount of money, was breached on July 16, 1974 when appellee refused to make the requested loan. Appellant alleged, however, that appellee agreed to provide sound business advice in return for his own banking business and his solicitation of others. Appellant alleged also that pursuant to that contract, he sought appellee's advice concerning the financing of this project, and appellee misadvised him. Thus, appellant alleges the breach of a continuing personal services contract.

In general, the statute of limitations does not run against a contractual cause of action which is a continuing one. On a continuing contract which is entire, the statute of limitations begins to run only from the time when the breach occurs or the contract is in some way terminated. The test of continuity, so as to take the case out of the operation of the statute of limitations, is to be determined by the answer to the question whether the services were performed under one continuous contract, whether express or implied, with no definite time fixed for payment, or were rendered under several separate contracts.

If the services are rendered under an agreement which does not fix any certain time for payment or for the termination of the services, the contract will be treated as continuous, and the statute of limitations does not begin to run until the termination of the contractual relationship between the parties.

*Thorpe v. Schoenbrun,* 202 Pa.Superior Ct. 375, 378, 195 A.2d 870, 872 (1963) (citation and quotations omitted). *See generally* 54 C.J.S. Limitations of Actions § 151 (1948); 2 Standard Pennsylvania Practice 2d § 13:64 (1981). Thus, if appellant's version of the facts is correct, the parties have a contract for financial advice, which because of its silence as to duration, is deemed to be continuous. Appellee, as noted above, denies that it had contracted to provide financial advice, but contends that it may have breached a promise to lend money. By agreeing with appellee, the lower court engaged in the fact-finding function prohibited by the summary judgment procedure. *See Juarbe v. City of Philadelphia, supra.* Because there is a factual dispute as to the very essence of the underlying contract, and that issue is material to the determination of the statute of limitations question, we must reverse the lower court and remand for further proceedings on count one of appellant's complaint.

### III.

■ In count two, appellant reiterated his contractual relationship with appellee and alleged that: it had negligently advised him concerning the financing of the project; he relied upon the advice in agreeing to perform, in undertaking performance of, and bearing the expenses of, the construction; and had incurred damage to his business reputation and credit as well as other consequential damages. *See* Restatement (Second) of Torts § 323(b) (1965) (negligent performance of undertaking to render services). The timeliness of appellant's cause of action depends upon when his claim accrued. We have found no cases considering the issue of when an action for negligent financial advice accrues, but there are numerous decisions involving other species of professional malpractice claims. Absent fraud or concealment, a claim for legal malpractice accrues, and the statute of limitations begins to run, as of the breach of duty regardless of the fact that the plaintiff later sustains some special damage as a consequence of the negligence. *See, e.g., Moore v. Juvenal,* 92 Pa. (11 Norris) 484 (1880); *Rhines's Administrators v. Evans,* 66 Pa. (16 P. F. Smith) 192

(1870); *McCoon v. Galbraith,* 29 Pa. (5 Casey) 293 (1857); *Campbell's Administrator v. Boggs,* 48 Pa. (12 Wright) 524 (1855); *but see Skyline Builders, Inc. v. Kellar,* 50 Pa.D. & C.2d 19 (C.P. Lehigh County 1970) (WIEAND, J.) (reevaluating legal malpractice cases in light of developing statute of limitations principles); 2 Standard Pennsylvania Practice 2d, *supra* § 13:101 (same). *Accord, Guarantee Trust & Safe Deposit Co. v. Farmers & Mechanics National Bank,* 202 Pa. 94, 51 A. 765 (1902) (negligent loan transfer agent); *Taylor v. Hammell,* 201 Pa. 546, 51 A. 316 (1902) (conveyancer negligently failed to verify lot location and to compare names of record owner to that of mortgagor): *Owen v. Western Savings Fund,* 97 Pa. (1 Outerbridge) 47 (1881) (recorder of deeds issued false certificate of search); *Commonwealth v. Donnelly,* 36 Pa.Superior Ct. 619 (1908) (recorder negligently recorded mortgage under wrong name). More recently, however, medical malpractice cases have established that the statute of limitations begins to run, absent fraud or concealment, when the plaintiff knows, or in the exercise of reasonable diligence, should have known of his injury. *See, e.g., Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963); *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959); *Wallace v. Horvath,* 283 Pa.Superior Ct. 179, 423 A.2d 1047 (1980). *Cf. Schwab v. Cornell,* 306 Pa. 536, 160 A. 449 (1932) (conveyancer negligently certified property clear of liens). Assuming, *arguendo,* that appellant's cause of action accrued when he knew or reasonably should have known that he had been misadvised, the lower court properly concluded that count two was untimely. "While the question of reasonableness is normally left for the jury, that issue may be taken from a jury when the court concludes that fair and reasonable persons could not differ in their conclusions based on the available facts." *Wallace v. Horvath, supra* 283 Pa.Super. at 181, 423 A.2d at 1048 (citations omitted). *Accord, A. J. Aberman, Inc. v. Funk Building Corp.,* 278 Pa.Superior Ct. 385, 398–400, 420 A.2d 594, 600 (1980). There can be no doubt that appellant should be charged with knowledge as of July 16, 1974. On that date, appellee informed him that the requested loans would be

denied but that a smaller loan would be granted. By that time, appellant had already utilized all of his available working capital and had incurred considerable unreimbursed costs. Therefore, he reasonably should have known as of that date that the project would encounter serious financial difficulty as a result of appellee's misadvice.* The applicable statute of limitations would be two years, 42 Pa.C.S.A. § 5524(3), but because that period would have expired and the Judicial Code reduced the period from six years, see Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 P.S. § 31 (repealed), appellant had one year from the effective date of the Judicial Code (June 27, 1978) in which to commence his action, Act of July 9, 1976, P.L. 586, No. 142, § 25(a). Because appellant commenced this cause of action beyond that one year grace period, count two of his complaint was untimely.

## IV.

█ In count three, appellant claims that appellee converted the proceeds of a $11,758 check that he had delivered on September 5, 1974 for deposit in a passbook savings account. Although appellant alleges that he demanded the money as recently as June and July of 1979, it is clear from depositions taken in another matter and incorporated by reference in the motion for summary judgment, see Pa.R.Civ.P. 1019(g), that a demand had been made as early as June 14, 1977. A claim for conversion of a bank account accrues, and the statute therefore begins to run, when a demand is made and the bank refuses to release the funds. See, e.g., Mifflin County National Bank v. Fourth Street National Bank, 199 Pa. 459, 462, 49 A. 213, 214 (1901). Accord, Waring v. Pennsylvania Railroad Co., 76 Pa. (26 P. F. Smith) 491 (1875) (conversion of three carloads of crude oil). As with count two, the applicable statute of limitations would be two years, 42 Pa.C.S.A. § 5524(3), but because that, too, would

---

* Because of our disposition of this matter, we need not decide whether appellant's cause of action accrued when appellee first advised him on this project or on some interim date when appellant acted in reliance upon the misadvice.

have expired and is a reduction from six years, *see* 12 P.S. § 31, appellant had one year from the effective date of the Judicial Code in which to commence his action, Act of July 9, 1976, P.L. 586, No. 142, § 25(a). Because appellant did not file his action during that one year grace period, count three of his complaint was untimely.

### V.

Order as to count one of the complaint is reversed and the matter remanded. Order as to counts two and three is hereby affirmed.