# Hill v. Laventhol & Horwath

*Delano M. Lantz,* for plaintiffs.
*Jered L. Hock,* for defendant.

SPICER, *P.J.,* December 21, 1983—Defendant has moved for summary judgment on grounds that the statute of limitations bars plaintiffs' cause of action.

Plaintiffs were shareholders in a corporation which sold its assets and was dissolved in 1968. Defendant was engaged to structure the dissolution and distributions in connection therewith so as to minimize individual tax liabilities. Defendant, through an employee, arranged two settlements in late 1968 and early 1969 with a goal of dividing capital gains over two years. Unfortunately, the manner in which distribution was actually made threw the entire gain in 1969.

Apparently, the Internal Revenue Service (IRS) sent ripples through the plaintiffs' economic world indicating that some questions were being raised in 1970. The ripples developed into a tsunami on June 9, 1972, when the deficiency notices were sent.

Plaintiffs filed a praecipe for a writ of summons on October 13, 1977. A complaint with one count in assumpsit and the second in trespass was filed October 3, 1980.

It might be helpful to summarize the positions of the parties.

Plaintiffs: The six year statute established by the now repealed 12 P.S. §31 governs both counts in

this case. That section applies to actions in contracts and actions in trespass. The cause of action accrued when the notices of assessment was mailed. Suit was brought within six years of that date. The time when a plaintiff should discover his injury in the exercise of due diligence is a matter of fact and is inappropriately decided in a motion for summary judgment.

Plaintiffs cite the case of Skyline Builders, Inc. v. Kellar, 50 Pa. D. & C.2d 19 (1970) cited in Tenny v. Dauphin Deposit Bank & Trust Co., 302 Pa. Super. 342, 448 A.2d 1073 (1982). Skyline involved a suit against a lawyer who certified title to real estate. A defect in title was discovered eight years after the service was performed.

Judge Wieand reviewed the state of Pennsylvania law in the opinion and acknowledged that "[e]arly Pennsylvania cases involving malpractice of title examiners held that in the absence of fraud the cause of action accrued and the statute of limitations began to run on the day the erroneous title report was made and not when the error was discovered or when damages resulting were finally determined." (citations omitted) 50 Pa. D. & C.2d at 21.

Notwithstanding this statement, Judge Wieand found authority in Med-Mar, Inc. v. Dilworth, 214 Pa. Super. 402, 257 A.2d 910 (1969) (which involved a latent defect in a roof and a suit against an architect) to apply what might be called the discovery or modern rule. That rule had theretofore been applied in medical malpractice cases and cases involving concealment and is summarized by the following:

"Or as stated by this court in Scranton Gas & Water Co. v. Iron & Coal Company, 167 Pa. 136 (1895), quoted with approval in Ayers v. Morgan, 397 Pa. 282 (1959): 'The question in any given case is not

what did the plaintiff know of the injury done him, but what might he have known by the use of the means of information within his reach with the vigilance the law requires of him?'

"Therefore, where knowledge is impossible because of the laws of nature, or because of the actual fraud or concealment of the wrongdoer, *or where it is impractical to impose on one who has been wronged the duty to explore and ferret out the undetectable act of the wrongdoer, the statute should begin to run from the time discovery of the injury is made. . . .*" (Italics supplied.) 50 Pa. D. & C.2d at 24.

Plaintiffs cite such cases as Taylor v. Tukanowicz, 290 Pa. Super. 581, 435 A.2d 181 (1981) for their position that summary judgment is inappropriate because the time of discovery should be determined at trial. That case was for dental malpractice and held that when the discovery rule is applicable, it is for a jury or other finder of facts to determine when discovery should have occurred.

Defendants: The six year statute applies only to the assumpsit action. A two year statute, 12 P.S. §34 applies to the count in trespass. The statutes both run from the negligent act but if a discovery rule applies, it is applicable only to the negligence cause of action. Under either rule, the action is barred.

Defendant cites Moore v. McComsey et al., ____Pa. Super.____ 459 A.2d 841 (1983) to support its contention that the two year statute applies to the negligence case. Moore involved a suit by a prisoner against a public defender. The Superior Court held that there was no contract between the parties and that the prisoner's cause of action was based uon an injury wrongfully done to the prisoner's person (incarceration).

Defendant also cites numerous cases that apply

the earlier Pennsylvania rule to support its argument that these causes of action accrued in 1969 and are barred.

A review of the cases indicates that the differences between actions for breach of contract and negligence actions are often lumped together. See, e.g. Tenny, supra, 302 Pa. Super. at 347, 448 A.2d at 1075. However, at least historically, there has been considerable difference between the two types of cases. We pointed out in our discussion in Schreiber v. Fox, 22 Adams Co. L. J. 162 (1981) that although a negligent act may expose a person to liability many times the liability attaches much later when an injury occurs, citing Rudman v. City of Scranton, 114 Pa. Super. 148 (1934), 1 Am Jur 2d, Actions, §87 and the Restatement 2d, Torts Sections 4 and 5. We also pointed out that an injury occurs in assumpsit when performance occurs other than that which is bargained for, citing Rufo v. Bastian-Blessing Co., 417 Pa. 107, 207 A.2d 823 (1965).

We also reviewed the rules in Whittington v. Fox, 23 Adams C. L. J. 25 (1981) and concluded that the discovery rule is applied when either a wrongdoer's stealth hides the injury or the injury is of such a nature that it must produce symptoms before it becomes ascertainable However, both of these situations have historically involved trespass actions.

Applying these principles to the trespass action, we conclude that the motion for summary judgment must be denied for two reasons. First, the injury did not occur until the IRS assessed a greater tax. Secondly, even if injury occurred earlier, the peculiar factual situation involved in this case dictates that the discovery rule be applied. First, the nature of the injury is such that it is not ascertainable until consequences are manifest. Second, the

continued involvement by defendant in the affairs of plaintiffs could be found to have kept plaintiffs from discovering their injury.

We note that some jurisdictions have adopted the injury rule discussed above.

California recognizes a distinction between the application of the statute to medical and other types of malpractice. In 1970 the California legislature placed a maximum limitation upon the bringing of a medical malpractice case of four years from the date of injury or one year after discovery, whichever occurs first. West's Ann.C.C.P. §340.5. Case law in California, however, holds that the statute of limitations begins to run as to malpractice by a certified public accountant only after the date of injury, with no maximum placed upon the time of injury. Moonie v. Lynch, 256 Cal. App.2d 361, 64 Cal.Rptr. 55 (1967); cited with approval in Neel v. Magana et al., 6 Cal.3d 176, 98 Cal.Rptr. 837, 491 P.2d 421 (1971). For a general discussion of statutes of limitations as applied in various malpractice situations, see 28 Md.L.Rev. (1968).

[2] Within the limiting factors of this case, therefore, the statute may not be deemed to have run until four years after notice had been given by the IRS. The liability imposed by this notice becomes injury which forms the plaintiffs' cause of action. Chisolm v. Scott et al., 86 N.M. 707, 526 P.2d 1300, 1302 (1974).

It also appears obvious to this court that the count in trespass does not involve injuries to the person. The six year statute, and not the two, applies.

We determine that the expeditious handling of this case requires us to apply the same ruling to the assumpsit count. Frankly, we are not all that sure what the ultimate appellate decision will be concerning these issues. Trial has already been sched-

uled and is imminent. We will be proceeding to trial on a negligence theory in any event and we conclude that disposition of the assumpsit count before trial would be unwise.

An order has previously been entered. This opinion is written to explain it.