IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Duane Holmes,                                  :
                          Appellant           :
                                              :
              v.                              :      No. 1338 C.D. 2024
                                              :      Submitted: December 8, 2025
City of Allentown, Lehigh County,             :
Lehigh County District Attorney's             :
Office, James B. Martin, in his               :
official and individual capacity,             :
Steven M. Luksa in his official and           :
individual capacity, John and Jane            :
Does 1 to 10                                  :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                   FILED:  February 4, 2026


        Duane Holmes, *pro se*, appeals orders of the Court of Common Pleas
of Lehigh County (trial court) that sustained the preliminary objections of the City
of Allentown (City); Lehigh County (County); and the Lehigh County District
Attorney's Office, District Attorney James B. Martin, and Assistant District Attorney
Steven M. Luksa (District Attorney Defendants) (collectively, Defendants), to
Holmes's ninth amended complaint.  In so doing, the trial court concluded that
Holmes's principal claims for replevin and conversion of chattel were time-barred.
For the reasons set forth below, we affirm the dismissal of Holmes's complaint.

## Background

This is the fourth time this case has come before this Court.[1] In 2015, a jury convicted Holmes of receiving stolen property under Section 3925 of the Crimes Code, 18 Pa. C.S. §3925, and he was sentenced to two and one-half years to five years' imprisonment. During the criminal investigation, police seized items from Holmes's home and vehicle, which he sought to have returned.

### Motions for Return of Property

On August 14, 2015, Holmes moved for the return of the seized property pursuant to Rule 588 of the Pennsylvania Rules of Criminal Procedure.[2] Pa.R.Crim.P. 588. Following a hearing, on September 29, 2015, the trial court granted, in part, Holmes's motion and denied it in part. The trial court ordered the forfeiture of the following items: (1) a Lexus ES 350, (2) a DJI Quadcopter Drone,

---

[1] In *Holmes v. City of Allentown* (Pa. Cmwlth., No. 102 C.D. 2018, filed August 9, 2018), this Court reversed the trial court's denial of Holmes's attempt to file an amended complaint. In *Holmes v. City of Allentown* (Pa. Cmwlth., No. 1663 C.D. 2019, filed May 1, 2020), this Court reversed the trial court's order sustaining the preliminary objections of the District Attorney Defendants on the basis of collateral estoppel; vacated the trial court's order insofar as it dismissed Holmes's sixth amended complaint with prejudice; and remanded the matter for further proceedings. Then, in *Holmes v. City of Allentown* (Pa. Cmwlth., No. 929 C.D. 2022, filed November 30, 2023), this Court quashed, as interlocutory, Holmes's appeal following the trial court's overruling of his preliminary objections to preliminary objections filed by Defendants.

[2] It provides:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588.

(3) a Go-pro Hero 3, (4) a DJI Video kit, (5) a Pelican Storm Chase with cubed foam, and (6) a camouflage jacket (the Six Items), but ordered all other items, including $255.57 in United States currency, returned.[3] City Preliminary Objections, 4/4/2022, at Exhibit B; Original Record (O.R.), Item No. 207 at 24. Holmes alleged that the Six Items are valued at $20,815. Ninth Amended Complaint, 3/15/2022, at ¶5; O.R., Item No. 206 at 2. Holmes appealed the trial court's forfeiture order; however, his appeal was dismissed because he failed to file a brief. *See Commonwealth v. Holmes* (Pa. Super., No. 3220 EDA 2015, filed April 5, 2016).

Thereafter, on May 30, 2017, Holmes filed a petition for return of property or "the value equivolent [sic] to the purchase price[,]" which was his second request for return of the Six Items. District Attorney Defendants Preliminary Objections, 4/4/2022, at Exhibit E; O.R., Item No. 214 at 102. Citing this Court's decision in *Commonwealth v. Ireland*, 153 A.3d 469 (Pa. Cmwlth. 2017), Holmes contended that common law forfeiture does not exist in Pennsylvania and, therefore, the trial court's forfeiture order was "void and illegal." District Attorney Defendants Preliminary Objections, 4/4/2022, at Exhibit E; O.R., Item No. 214 at 102. On July 10, 2017, the trial court denied relief, noting that Holmes's petition was duplicative and that forfeiture of the Six Items had been adjudicated in 2015. Holmes did not appeal. On July 26, 2017, Holmes filed a third petition for the return of the Six Items or, if they no longer existed, damages for their loss. The trial court again denied

---

[3] Although the record is not before us, based on the criminal docket entries, it appears that the Commonwealth did not file a separate forfeiture petition. Rather, the Commonwealth sought to defeat Holmes's claim for return of property by seeking forfeiture based on its claim that the property at issue was derivative contraband. "Derivative contraband is property innocent by itself, but used in the perpetration of an unlawful act. An example of derivative contraband is a truck used to transport illicit goods." *Commonwealth v. Howard*, 713 A.2d 89, 92 (Pa. 1998) (citations omitted).

relief for the same reasons identified in its July 10, 2017, order. Again, Holmes did not appeal.

In April 2018, Holmes requested the trial court to enforce its 2015 order that granted the return of his non-forfeited property, and it was granted on April 16, 2018. The trial court instructed Holmes to authorize a third party to collect the property on his behalf, as he was incarcerated. District Attorney Defendants Preliminary Objections, 4/4/2022, at Exhibit H; O.R., Item No. 214 at 117.

**Civil Complaint**

On September 26, 2017, Holmes filed a civil complaint against Defendants, seeking, *inter alia*, return of his property seized in connection with his 2014 arrest, which has been amended multiple times. Relevant here is the ninth amended complaint of March 15, 2022,[4] wherein Holmes seeks replevin against all Defendants, except the City; a declaratory judgment that failure to return his property violated his constitutional rights; compensatory damages of $14,603.90 plus interest and punitive damages for conversion; and other relief deemed "reasonable and just." Amended Complaint ¶¶189, 207, 225, 242; O.R., Item No. 206 at 22, 25, 28, and 31. The ninth amended complaint also asserts claims against each Defendant for deprivation of Holmes's rights under 42 U.S.C. §1983 for malicious destruction and conversion of private property, requesting, *inter alia*, $35,418.90 in damages. Finally, it asserts a denial of equal protection and due process under the Fourth and Fourteenth Amendments to the United States Constitution,[5] alleging that the County's forfeiture policy "take[s] advantage of poor legally unrepresented individuals with impunity." Amended Complaint ¶397; O.R.,

---

[4] Although referred to as the 9th amended complaint, the trial court record indicates that it was, in fact, Holmes's 10th amended complaint.

[5] U.S. CONST. amend. IV, XIV.

4

Item No. 206 at 60. The complaint requests that the County's forfeiture policy be declared unconstitutional and that the County be enjoined from implementing it. Amended Complaint ¶408; O.R., Item No. 206 at 61-62.

The complaint alleged that upon this Court's decision in *Ireland*, Holmes discovered that Defendants lacked authority to deprive him of the value of the Six Items. Specifically, he discovered the deprivation of his rights when he first learned of the *Ireland* decision on March 22, 2017, approximately two months after the decision was rendered. The complaint asserts that under the *Ireland* decision, Defendants must return the Six Items and that their ordered forfeiture was unlawful.

**Defendants' Preliminary Objections**

Defendants each filed preliminary objections to the ninth amended complaint, raising, *inter alia*, failure to conform to law, failure to exhaust a statutory remedy, legal insufficiency (demurrer), immunity, statute of limitations, and collateral estoppel.

In response, Holmes filed preliminary objections thereto, arguing that the defenses of statute of limitations, immunity, and estoppel must be raised in an answer and new matter. By order of August 1, 2022, the trial court overruled Holmes's preliminary objections. Holmes appealed the trial court's ruling, but this Court quashed the appeal as interlocutory. *See Holmes v. City of Allentown* (Pa. Cmwlth., No. 929 C.D. 2022, filed November 30, 2023).

After a hearing, the trial court sustained Defendants' preliminary objections and dismissed Holmes's ninth amended complaint, concluding, *inter alia*, that his replevin and conversion of chattel claims were barred by the statute of limitations, as set forth in Section 5524(3) of the Judicial Code, 42 Pa. C.S.

5

§5524(3),[6] or because he did not provide the notice required by Section 5522(a) of the Judicial Code, 42 Pa. C.S. §5522(a).[7] Holmes timely appealed. Although the trial court did not direct Holmes to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, the trial court issued a detailed Pa.R.A.P. 1925(a) opinion.

## Appeal

> On appeal,[8] Holmes presents the following issues for our review:
>
> I. Whether the trial court erred in applying a statute of limitations to claims arising from Defendant(s)['] failure to comply with court order directing the return of [Holmes's] property[.]
>
> II. Whether the court erred in ruling that [Holmes's] claims are barred by the statute of limitations[.]
>
> III. Whether the court erred in sustaining Defendant[s'] preliminary objections asserting statute of limitations over [Holmes's] objection, where [Holmes] objected to the Defendants['] defense of statute of limitations for failing to conform to law and rule of court[.]

Holmes Brief at 6.[9] For clarity, we combine the first two issues.

---

[6] It provides that "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof," must be commenced within two years. 42 Pa. C.S. §5524(3).

[7] It requires notice to a governmental unit of intent to sue for damages within six months of injury. 42 Pa. C.S. §5522(a).

[8] This Court's review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. *Kull v. Guisse*, 81 A.3d 148, 154 n.3 (Pa. Cmwlth. 2013). A trial court may sustain preliminary objections only if it appears with certainty that the law will not allow recovery. *Id.* All well-pled facts in the complaint and all reasonable inferences from those facts are accepted as true. *Id.* However, a court need not accept as true unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.*

[9] Holmes's statute of limitations argument is limited to his replevin and conversion claims and does not implicate any claims arising under Section 1983 or the Equal Protection Clause.

## I. Statute of Limitations

In his first issue, Holmes argues that the trial court erred in holding that his claims for replevin[10] and conversion[11] were time-barred. In support, he argues that he could not prosecute his claims until the trial court disposed of his initial motion for return of property and that he initiated the instant civil action within two years of the trial court's order. We reject this argument.

The Judicial Code provides that limitation periods are computed "from the time the cause of action accrued, the criminal offense was committed or the right of appeal arose." 42 Pa. C.S. §5502(a). "In Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). Therefore, "the statute of limitations begins to run as soon as the right to institute and maintain suit arises." *Id.*

Both replevin and conversion are actions subject to a two-year statute of limitations. 42 Pa. C.S. §5524(3). *See also Mikkilineni v. Amwest Surety Insurance Company.*, 919 A.2d 306, 313 (Pa. Cmwlth. 2007); *Wm. B. Tenny, Builder and Developer v. Dauphin Deposit Bank & Trust Company*, 448 A.2d 1073, 1076 (Pa. Super. 1982) (*Tenny*). "For replevin actions, the cause of action accrues when a plaintiff's property is wrongfully taken or detained." *Eddington v. Bixler* (Pa. Cmwlth., No. 1040 C.D. 2019, filed May 11, 2020) (unreported opinion), slip op. at

---

[10] "The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in possession of another." *Valley Gypsum Company, Inc. v. Pennsylvania State Police*, 581 A.2d 707, 710 (Pa. Cmwlth. 1990).

[11] "Conversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Eisenhauer v. Clock Towers Associates*, 582 A.2d 33, 36 (Pa. Super. 1990) (quotation omitted).

9.[12]  A conversion claim does not accrue until the plaintiff makes a demand for the property, and the defendant refuses to deliver it.  *See Norriton East Realty Corp. v. Central-Penn National Bank*, 254 A.2d 637, 639 (Pa. 1969); *Tenny*, 448 A.2d at 1076 ("A claim for conversion of a bank account accrues, and the statute therefore begins to run, when a demand is made and the bank refuses to release the funds.") (citation omitted).  "Once a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his cause of action." *Fine*, 870 A.2d at 857.

Here, it is undisputed that police seized items from Holmes's residence on August 13, 2014.  Under Section 5524(3) of the Judicial Code, the two-year statute of limitations began to run with respect to his replevin claims on that date.  Holmes did not file his replevin action until September 26, 2017, more than two years after the police seized the items.

Additionally, Holmes asserts that he "could not prosecute his claims until the court ordered his property returned, which was on September 29, 2015." Holmes Brief at 17.  Although Holmes asserted a cause of action for replevin in the September 26, 2017, complaint, he omitted the replevin claim from the subsequently filed amended complaints.  *See Hionis v. Concord Township*, 973 A.2d 1030, 1036 (Pa. Cmwlth. 2009) (explaining that an amended complaint renders a prior complaint void and causes the plaintiff to lose his ability to pursue his initial legal theory). Indeed, Holmes did not reassert the replevin claim until the filing of an amended complaint on February 21, 2019.  *See Schaffer v. Larzelere*, 189 A.2d 267, 270 (Pa. 1963) ("An amendment introducing a new cause of action will not be permitted after

---

[12] Pursuant to Commonwealth Court Internal Operating Procedure §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

the [s]tatute of [l]imitations has run in favor of a defendant."). Holmes dropped the replevin claim until he re-pleaded it in his fourth amended complaint on February 21, 2019, which was more than two years after the trial court's order of September 29, 2015, directing the return of some of the items seized from Holmes. In short, his replevin claim is time-barred.

Holmes's conversion claims are likewise time-barred. The police seized the property at issue on August 13, 2014, and Holmes filed a motion for return of property on August 14, 2015. The trial court ruled on September 29, 2015. According to Holmes, the Commonwealth ignored the trial court's return order, and this is what triggered the statute of limitations on conversion. *See Eddington*, slip op. at 11-12 n.8 (noting that the filing of a motion for return of property in a criminal proceeding and the defendant's failure to comply therewith "establish the demand and refusal requirements that trigger[] the running of the statute of limitations on a conversion claim").

Whether the two-year limitations period ran from the time the police seized Holmes's property on August 13, 2014, or from the time the trial court issued its order of September 29, 2015, Holmes's conversion claims are time-barred. The fourth amended complaint raised conversion on February 21, 2019,[13] which fell beyond the two-year statute of limitations period.[14]

---

[13] We reject Holmes's claim that the statute of limitations should not run until he "learned about the Commonwealth Court's ruling in *Ireland*, on March 22, 2017." Holmes Brief at 18. Holmes does not provide any legal authority for this proposition and our review of the caselaw yields none. On the contrary, in the post-conviction relief context, it is settled that judicial decisions are not facts to be ascertained. *Commonwealth v. Reid*, 235 A.3d 1124, 1148 (Pa. 2020). Furthermore, Holmes does not present a meaningful argument or analysis for why, if at all, *Ireland* should be applied retroactively. Pa.R.A.P. 2119.

[14] Given the disposition of this appeal, we need not address Holmes's argument that the trial court erred in dismissing the ninth amended complaint under 42 Pa. C.S. §5522(a).

## II. Use of Preliminary Objections to Raise Affirmative Defense

In his next issue, Holmes argues that the trial court erred in overruling his preliminary objections to Defendants' preliminary objections raising the affirmative defense of statute of limitations. In this regard, Holmes claims that the trial court erred in permitting Defendants to raise their statute of limitations defense by preliminary objections instead of new matter. Holmes's prior appeal of the trial court's overruling of his preliminary objections was quashed by this Court as interlocutory on November 30, 2023. Holmes's notice of appeal does not concern the order of August 1, 2022, which overruled Holmes's preliminary objections. Accordingly, the order of August 1, 2022, is not before us. Nevertheless, as Defendants aptly observe, where an affirmative defense is clear on the face of the pleadings, it may be raised in preliminary objections. *Scavo v. Old Forge Borough*, 978 A.2d 1076, 1078 (Pa. Cmwlth. 2009). It is plain from the face of his ninth amended complaint that the replevin and conversion claims are time-barred.

## Conclusion

The trial court did not err in applying the two-year statute of limitations under Section 5524(3) of the Judicial Code and concluding that Holmes's replevin and conversion claims were time-barred. Accordingly, we affirm the trial court's orders.

_____
MARY HANNAH LEAVITT, President Judge Emerita

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Duane Holmes, : 
        Appellant : 
         : 
        v. :     No. 1338 C.D. 2024
         : 
City of Allentown, Lehigh County, : 
Lehigh County District Attorney's : 
Office, James B. Martin, in his : 
official and individual capacity, : 
Steven M. Luksa in his official and : 
individual capacity, John and Jane : 
Does 1 to 10 : 

## **O R D E R**

AND NOW, this 4th day of February, 2026, the orders of the Court of Common Pleas of Lehigh County, dated September 30, 2024, are hereby AFFIRMED.

_____

MARY HANNAH LEAVITT, President Judge Emerita